In the Matter of the Adoption of ANONYMOUS, an Infant. ANONYMOUS, Appellant; ANONYMOUS, Respondent.— Order unanimously affirmed, with costs. No opinion. Present — Peck, P. J., Cohn, Breitel and Bastow, JJ.

In the Matter of WILLIAM T. WHALEN, Appellant, against GEORGE P. MONAGHAN et al., Constituting the Board of Trustees of the Police Pension Fund of the City of New York, Respondents.— While the trustees are free to determine whether a disability is service connected and in that respect need not follow the findings of the medical board, they are not free to disregard the findings of that board with respect to the nature and the extent of the disability (*Matter of Hickie* v. *Valentine,* 177 Misc. 743, affd. 262 App. Div. 832, motion for leave to appeal denied 287 N. Y. 854; *Matter of City of New York* v. *Schoeck,* 294 N. Y. 559, 566). It would appear, however, that the trustees have failed to accept the medical findings of the board. The only interpretation of the trustees' action is that they found that petitioner was not disabled by the gunshot and stab wounds. And yet the medical board has so found. That finding of the medical board touches upon the nature and extent of the disability. While the trustees may have felt that the medical board came to the wrong conclusion as to the nature of the disability as of the time of the petitioner's retirement, that conclusion is binding upon them. The purport of the trustees' determination is that the disability as found by the medical board was not incurred in the line of duty but there is nothing in the record to support such a finding. The action of the board of trustees must therefore be considered arbitrary and capricious and the order denying the relief sought should be reversed. Order reversed and petitioner's motion granted, with $20 costs and disbursements to appellant. Settle order. Present — Peck, P. J., Cohn, Callahan, Bastow and Rabin, JJ.

JEANETTE M. ZLOTLOW, Also Known as JEANETTE M. LOWE, Respondent, v. ISIDORE ZLOTLOW, Also Known as ERWIN S. LOWE, Appellant.— In view of the fact that defendant has appeared for examination and produced the books and records required by the order of the court, we think that the motion to permit a discovery and inspection of the books and records of defendant's companies should not have been granted. The question of defendant's financial condition is now before an Official Referee for testimony and report. If the Referee deems it advisable, he may order such discovery and inspection. The order should accordingly be reversed and the motion denied. Present — Peck, P. J., Cohn, Callahan, Bastow and Rabin, JJ.

SOTIRIOS CHRISTOPOULOS, Respondent, v. SPIROS LIAKAS, Defendant. JEAN A. MANTOPOULOS, Third-Party Claimant-Appellant.— While appellant's proof was insufficient to establish his title to the property, nevertheless a hearing should have been directed pursuant to section 924 of the Civil Practice Act, since there was a sufficient showing of facts by the plaintiff to require a trial on the question of title. Appellant, if he so chooses, may assert his claim of title by intervening in the action instituted by the plaintiff and the Sheriff against the bank. Order modified to the extent of providing for a hearing on the question of title and, as so modified, affirmed, without costs. Settle order. Present — Peck, P. J., Cohn, Callahan, Bastow and Rabin, JJ.