Owen McGivern, J.
This application under article 78 of the Civil Practice Act seeks a modification of a determination of the board of trustees of the Police Pension Fund. Petitioner, a policeman since September 7,1928, was severely injured while operating a police motorcycle on May 22, 1936; he was in the hospital from the time of the injury until August 12, 1936, and in October he was assigned to light duty until March of 1937, when he was restored to traffic duty in a sidecar motorcycle. In March, 1944, he sustained another injury, this time to the middle finger of his right hand; several operations failed to restore the finger to its normal condition. Upon his return to duty he was detailed to clerical work in the office of the police commissioner. In December of 1954, while on duty working in the office aforementioned, he became unconscious and ‘1 blacked out ’ ’, and since then and until June, 1955, when he retired, he remained on sick leave.
The respondents denied his request for retirement on three-fourths pay for service-connected disability, and instead retired him at half-pay for disability to perform police duties arising from causes not related to his service.
On this submission the respondents contend, apparently correctly, that they are bound by the finding of the medical board and the special medical board that the petitioner is unable to function as a policeman because of the “ blackouts ” from which he suffers, and therefore that he must be retired from service. They concede, however, that the conclusion of the medical board and the majority of the special medical board to the effect that his present condition is not the result of his 1936 injuries is advisory only. But the trustees having accepted and adopted the latter finding, it is their position that the court should not disturb it. This, of course, is sound if there was evidence before the respondents upon which their decision was made, such as the existence of disease or another injury sustained outside the employment to which the petitioner’s conceded disability could be attributed. This does not appear to be the situation here. It therefore follows that this case is closely analogous to Matter of O’Hara v. Monaghan (309 N. Y. 931) where the Court of Appeals affirmed without opinion a decision of the Appellate Division (286 App. Div. 828) affirming a decision of the late Justice Corcoran (8 Misc 2d 906, 911) of this court, wherein he said in part, “ There was no evidence of any kind before the *51 board of trustees that the petitioner’s physical disability resulted from anything but the line of duty wound he received in 1914.”
In any event, this petitioner is entitled to a trial of the medical issue and his application is granted to that extent. Settle order.