Samuel M. Gold, J.
This is an article 78 proceeding to compel respondents to retire petitioner, a police sergeant, for service-connected accident disability. There is no dispute that the accident was service-connected and that any present disability of petitioner resulted therefrom. The primary question here involved is whether the Medical Board of the Police Pension Fund wrongfully refused to find that petitioner was physically incapable of performing police duty and whether the Board of Trustees of the Police Pension Fund arbitrarily, capriciously, and illegally thereafter denied petitioner’s accident retirement application. A secondary issue raised by petitioner is whether respondents can compel petitioner to continue on limited service clerical police duty, to which he was assigned in January, 1959.
The facts, simply stated, are that, for at least the last five years, petitioner, on numerous occasions, consulted various medical experts concerning the condition of his left leg and knee. These experts were either Police Department physicians or specialists recommended by the Medical Board, which sought additional advisory opinions. The Medical Board itself also examined petitioner at different times. The examinations and medical reports reflect differences of opinion, at different times, among various of the medical examiners, as to petitioner’s disability and as to his ability to perform police duty. The Medical Board finally concluded that petitioner had a slight partial disability, which should not interfere with the performance of his usual police duties. Accordingly, the Medical Board recommended denial of petitioner’s retirement application to the *815 Board of Trustees. The trustees followed this recommendation. After a review de novo of the various medical reports, documents and papers, this court is of the opinion that there is in the record sufficient competent medical evidence to sustain the determination of the Medical Board that petitioner was fit to continue his duties as a police officer. The Medical Board was free to seek advisory opinions of other competent physicians, but was not bound to accept them. They could reject, accept, in whole or in part, any or all of the opinions secured. Their acceptance of opinions adverse to petitioner’s claims cannot of itself be deemed arbitrary or illegal. Once the Medical Board submitted its findings to the Board of Trustees as to the extent and nature of petitioner’s disability, the trustees were legally bound to accept such medical determinations (Matter of Whalen v. Monaghan, 285 App. Div. 884, affd. without opinion 309 N. Y. 929; City of New York v. Schoeck, 294 N. Y. 559, 566). Since the Medical Board’s decision was supported by ample evidence, the Board of Trustees did not act arbitrarily or illegally in denying petitioner’s application.
Petitioner’s final contention is that he cannot be compelled to perform light duty in the Police Department. Clerical duty is often part of a police officer’s job, and it cannot be disputed that such work is essential to the proper functioning of the Police Department and necessary to the continued maintenance of its high standards of efficiency. Such work clearly falls within the definition of the ‘ ‘ performance of city-service ’ ’ as envisioned by section B18-43.0 of the Administrative Code of the City of New York, which relates to retirement for accident disability (see, also, Administrative Code, § B18-11.0). The petition is dismissed.