■ Ovidio Manalich, Plaintiff, v. Compania Cubana De Aviacion, S. A., Defendant. In the Matter of Aerovias "Q", S. A., Respondent, v. James S. Conway, as Temporary Receiver, Appellant.— In an action pursuant to section 977-b of the Civil Practice Act, in which the court appointed a temporary receiver for the defendant, Compania Cubana de Aviacion, S. A., and in which the receiver took possession of a certain DC-4 aircraft, the receiver appeals from so much of an order of the Special Term, Supreme Court, Kings County, dated October 19, 1960, as grants *without a hearing,* the petition of the petitioner, Aerovias "Q", S. A. and directs the receiver to surrender to such petitioner the said aircraft. Order insofar as appealed from reversed, with $10 costs and disbursements, and proceeding remitted to the Special Term for the purpose of holding hearings and, on the basis of the proof adduced at such hearings, determining the identity of the owner of the aircraft at the time the receiver took possession of it. In our opinion the record contains a sufficient showing of facts to require a trial on the issue of the title and ownership of the aircraft at the time the receiver took possession (cf. *Christopoulos v. Liakas,* 285 App. Div. 884). In view of the rapidly changing events affecting this aircraft and all the parties here involved, the interests of justice would be served best by making a determination of the issue after a plenary trial rather than upon allegations contained in conflicting affidavits. The stay heretofore granted is continued pending the determination of the application by Special Term after the hearings. Kleinfeld, Christ, Pette and Brennan, JJ., concur; Beldock, Acting P. J., dissents and votes to affirm the order and to deny the stay, with the following memorandum: The moving

papers show affirmatively that title to the chattel in question is vested in petitioner. The opposing affidavit is made by an attorney who has no knowledge of the facts of title. There is no express denial of title in petitioner and there is no proof to the contrary. Nor is there any claim or proof that title is in defendant. The only attack is on the authority of the officers of the petitioner corporation to represent that corporation. Such an attack is not sufficient to warrant a hearing with respect to title.