In the Matter of ALEXANDER KAPLAN, Petitioner, *v.* STEPHEN P. KENNEDY, as Police Commissioner of the Police Department of the City of New York, and as Chairman of the Board of Trustees of the Police Pension Fund, et al., Respondents.

Supreme Court, Special Term, New York County, April 26, 1962.

*Victor J. Herwitz* for petitioner. *Charles H. Tenney, Corporation Counsel* (*Arthur Geisler* of counsel), for respondents.

SAMUEL M. GOLD, J. In this article 78 proceeding, petitioner, a former lieutenant in the Police Department of the City of New York, seeks review of a determination of respondent board of trustees that his physical disability, necessitating retirement, was not caused by a service-connected injury. There seems little dispute on the submitted papers that petitioner's initial injury in 1948 was service-connected, and that an additional accident in 1957 occurred in the course of petitioner's performance of official duties. The issue is whether a disabling tremor in petitioner's right hand was caused by the 1948 occurrence, and further aggravated by the 1957 incident. There is no dispute that petitioner's present physical condition required his retirement. Moreover, as to this finding, the board of trustees was bound by the decision to that effect rendered by the medical board (*Matter of Whalen* v. *Monaghan,* 285 App. Div. 884, affd. without opinion 309 N. Y. 929). Nevertheless, the opinion rendered by the medical board, as to whether the disability was service-connected, was advisory only (*City of New York* v. *Schoeck,* 294 N. Y. 559, 566). Its determination, however, may not be disturbed if there was competent evidence upon which such decision was rendered, such as if petitioner had been afflicted with some disease or other injury outside his employment, which may have caused the disabling condition. Here there is more than a mere conflict of medical testimony. Instead, such necessary evidence to support the determination is entirely lacking. On the contrary, it appears that petitioner's medical difficulties commenced soon after the 1948 accident and that

only the additional service-connected 1957 accident intervened. Perhaps respondents, unjustifiably, placed too much reliance upon the fact that petitioner never reported on sick call for 11 years after the 1948 accident, despite the fact that he was being examined medically for the complained of condition during that time. Petitioner should not be penalized — even by innuendo — for his devoted performance to duty, despite his known physical ailment. Moreover, the medical findings herein appear particularly inconclusive.

The factual situation, in reality, is closely analogous to *Matter of O'Hara* v. *Monaghan* (286 App. Div. 828, affd. without opinion 309 N. Y. 931) and a line of cases following thereon (*Matter of Connolly* v. *Kennedy*, 9 Misc 2d 49; *Matter of Foster* v. *Kennedy*, N. Y. L. J. June 28, 1960, p. 6, col. 7), wherein trials of the medical issues involved were ordered.

Accordingly, on the unresolved factual question as to whether petitioner's disability is service-connected, a trial must be had, and the petition is granted to that extent.