Seymour Bieber, Spec. Ref.
Petitioner seeks to review, vacate and annul respondents’ determination denying his application for a service-connected disability retirement from the Police Department at three-fourths pay.
By stipulation of counsel, the proof adduced by them before the late Hon. Isidore Wasservogel, Special Referee, is deemed to be part of the record of this proceeding. It appears therefrom that on April 8, 1951, while responding to a police emergency call, petitioner’s vehicle was struck by another car. As a result of this accident, petitioner sustained personal injuries and was removed to a hospital where he was confined for several days. After this incident, petitioner was absent from duty on many occasions, complaining that he still suffered from the effects of the police car collision.
On October 23, 1952, after diagnosis of his ailment by police surgeons as “ psychoneurosis ”, petitioner was assigned to light duty and required to surrender his revolver. On or about February 17, 1959 and again in October, 1959, petitioner’s retirement application for a service-connected disability was denied by respondents after a physical examination on each such date by a panel of three police surgeons.
■ It is apparent from the record that respondents relied principally upon the medical opinion of one Dr. Hitzig who, during the year 1951, examined petitioner at least 30 times and *333 found “ no significant finding to justify Ms complaint "While it is generally accepted that reliance in good faith upon the opinion of respondents’ medical officers, even if such opinion be at variance with medical proof offered by petitioner, is not in itself arbitrary and capricious, as noted by Mr. Justice Mabkewich in defining the issue present on this proceeding, ‘ ‘ the court cannot accept as conclusive the statements that petitioner’s mental and emotional symptoms do not qualify him for retirement solely because they have no organic basis ’ ’. (Matter of Rotundo v. Kennedy, N. Y. L. J., Dec. 14, 1960, p. 13, col. 2.) In other words, though petitioner’s condition is shown to be of a mental, emotional or psychogenic nature, if the proof establishes that such condition and disability were the result of the injuries he sustained on April 8, 1951, petitioner, nevertheless, may then be entitled to a service-connected disability pension.
In this enlightened day of medicine and the general awareness of the existence and seriousness of mental illness, the mere absence of physical symptons is not sufficient to warrant the conclusion, as urged by Dr. Hitzig, that petitioner is a malingerer. The fact that petitioner was instructed to surrender his gun is indicative of respondents’ belief that he was not competent to perform the duties of a police officer. In this respect, it is to be noted that Dr. Hitzig, as a police surgeon, was responsible for the order to have petitioner’s gun taken away. Thus, although this physician maintained upon the trial of this proceeding that there was nothing wrong with petitioner, he admitted that he ordered petitioner to give up his police revolver because he “ felt he was not fit to carry a gun ”.
Significantly, the report of one Dr. William A. Horowitz, a practicing psychiatrist affiliated with the New York State Psychiatric Institute who examined petitioner on behalf of respondents, states as follows: “It is my opinion that these sensory changes are minor and might possibly be of psychogenic origin following the injury. (Emphasis added.) Dr. Hitzig, an internist and cardiologist rather than a qualified psychiatrist, disagreed with this and other of Dr. Horowitz’ medical findings. He did concede, however, that traumatic neurosis does occur as the result of an accident.
In my opinion, regardless of whether the inability to perform a patrolman’s normal duties arises from physical or mental and emotional causes, if such causes result from injuries incurred in line of duty, a service-connected disability pension is proper and warranted (see Matter of Connolly v. Kennedy, 9 Misc 2d 49).
*334 Contrary to respondents’ contention, upon the evidence before me, I find that the competent medical proof clearly establishes that petitioner’s disability, “ a traumatic neurosis of a permanent nature ”, is directly attributable to the injuries sustained by him in the line of duty on April 8,1951. Accordingly, respondents’ refusal to allow petitioner a service-connected disability pension must be deemed to have been improper and unwarranted. Petition (Civ. Prac. Act, art. 78) granted.