In the Matter of the Claim of ANNA SCHACHT, Respondent, against PETER C. NICOLAISEN et al., Appellants, and SPECIAL DISABILITY FUND, Respondent. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by an employer and its insurance carrier from an award of death benefits made by the Workmen's Compensation Board to the widow of a deceased employee. Decedent was employed as a diver to descend into the waters of the Hudson River near Poughkeepsie for the purpose of examining a sunken barge loaded with sulphur. The employer had been engaged to raise the barge and salvage the sulphur. The barge had sunk about fifty feet from the shore line on the east side of the river. On the third day of his work the decedent, because of the nature thereof and the pressure of the water at a depth of about forty feet, suffered a fatal heart attack which was found to be accidental. Appellants argue in this court that decedent was engaged in maritime employment on the waters of a navigable river and that hence the Workmen's Compensation Board of this State had no jurisdiction. There is no factual dispute and no issue is raised by appellants as to the finding that deceased suffered an accident. It appears from the record that the diving operation was performed from a derrick which

rested upon a barge that was not self-propelled and was tied by lines to a capstan on the shore. The barge was moved by the use of winches operated in connection with the capstan on the shore. Decedent was not a seaman or a member of ship's crew, and obviously his work bore no relation to navigation as that word is understood in its usual sense. Assumption of jurisdiction by the Workmen's Compensation Board offered no interference with or prejudice to the uniform application of maritime law, and both the employer's and decedent's activities were merely a matter of local concern (*Millers' Underwriters* v. *Braud,* 270 U. S. 59). But in any event the "twilight zone" doctrine may be properly invoked in support of the claimant. Both the employer and employee invoked the jurisdiction of the Workmen's Compensation Law of this State. The finding of the board that it had jurisdiction is final on that issue in view of the undisputed facts as shown by the record (*Davis* v. *Department of Labor,* 317 U. S. 249). Award affirmed, with costs to the Workmen's Compensation Board. Foster, P. J., Bergan, Coon and Imrie, JJ., concur.