■ In the Matter of the Claim of WHEATON SIMIS, Respondent, v. BERNARD J. CURRAN, Doing Business as MUDCO MARINE COMPANY, et al., Respondents, and UNINSURED EMPLOYER'S FUND, Appellant. WORKMEN'S COMPENSATION BOARD, Respondent.— GABRIELLI, J. Appeal from a decision of the Workmen's Compensation Board, filed November 6, 1967. While in the employ of the uninsured employer-respondent, claimant sustained a permanent injury to his right foot and the board has found that the claim came within the jurisdiction of the Workmen's Compensation Board. The appellant disclaimed liability for payment of the award contending that the claim was covered solely by the Longshoremen's and Harbor Worker's Act. Claimant was assisting in driving piles for the extension of a pier at a boat club and while standing on a barge which was moored to the boat club's pier located on the Hudson River at Tarrytown, the pile driver on the barge slipped striking the claimant's right foot. It appears that the barge was not self-propelled, having been towed to the pier by a tug. Of further importance is the fact that the piles were being installed for the purpose of extending the boat club's pier attached to the shore line and, in that sense, are deemed extensions of land and upon the facts here presented, the

board finding that jurisdiction reposed in the board, is based on substantial evidence (*East* v. *Oosting*, 245 F. Supp. 51 [E. D. Va., 1965]; *Matter of Braadt* v. *City of New York*, 21 A D 2d 957, affd. 15 N Y 2d 875, cert. den. 382 U. S. 21). That the "claimant's work was not so directly related to navigation or commerce that it was excluded from coverage under the New York Workmen's Compensation Law" as found by the board, is buttressed by our holding in *Matter of Evans* v. *Henjes Marine, Inc.* (279 App. Div. 962, mot. for lv. to app. den. 304 N. Y. 987). In reaching our determination we are mindful of the holdings in *Davis* v. *Department of Labor* (317 U. S. 249); *Matter of Bryce* v. *Todd Shipyard* (17 A D 2d 666, mot. for lv. to app. den. 12 N Y 2d 646) and *Calbeck* v. *Travelers Ins. Co.* (370 U. S. 114), which properly categorize cases such as the one for our determination as falling within the "twilight zone" and which give vitality to the presumption of valid authority when it is invoked under either the Federal or State compensation law, these holdings authorizing the establishment of concurrent jurisdiction in the cases falling within the "twilight zone", as does the case at bar. In assuming this jurisdiction by the board we can find no interference with or prejudice to the uniform application of maritime law (*Matter of Schacht* v. *Nicolaisen*, 283 App. Div. 902, mot. for lv. to app. den. 307 N. Y. 940), and we find nothing to the contrary in the authorities cited by appellant. Indeed, we find consistent with the board's determination and supportive of our affirmance both *Davis* v. *Department of Labor* (317 U. S. 249, 254, *supra*) and *Matter of Bryce* v. *Todd Shipyard* (17 A D 2d 666, mot. for lv. to app. den. 12 N Y 2d 646, *supra*). Decision affirmed, with costs to the Workmen's Compensation Board. Gibson, P. J., Herlihy, Reynolds, Aulisi and Gabrielli, JJ., concur in memorandum by Gabrielli, J.