Burke, J.
The petitioner, Mrs. Florence Brady, is the widow of Sergeant Terrence Brady who, at the time of his death, was a squad supervisor assigned to the 13th Detective Squad, Manhattan South, in New York City. He met his death when his car left the roadway of a bridge and fell into the waters of Jamaica Bay on the morning of January 19, 1963. His widow, in a letter to the respondent police pension board, requested *604 that the board consider her application for accidental death benefits since, although she did not have all the facts surrounding her husband’s death, she believed he was on duty at the time of his death, especially in view of the irregular tours of duty which her husband worked. The pension board then requested that a departmental investigation be made into the circumstances of Sergeant Brady’s death and the officer who made the report of the investigation recommended that the board disapprove an on-duty death pension application. This recommendation was based principally on a conclusory statement contained in a police department report made on the date of the accident to the effect that Sergeant Brady had been off duty at the time of his death. That earlier report also indicated that he had left the squad room at 10:00 p.m. on January 18, but the reporting officer refused to make any recommendation in the absence of any conclusive evidence as to the Sergeant’s duty status at the time of his death. The pension board then referred petitioner’s application to the medical board of physicians which made no further investigation and recommended that the application.be denied, its report to the board merely referring to the conclusory statements in the above reports and then itself concluding that the death occurred while the deceased was off duty. The pension board thereafter adopted a resolution denying the application ‘ ‘ as recommended by the Medical Board of Physicians.”
Petitioner then commenced an article 78 proceeding to annul that determination and supported her petition by an affidavit from Lieutenant Gaffney, Sergeant Brady’s commanding officer at the time of his death. That affidavit indicated that Sergeant Brady was officially assigned to duty as Squad Supervisor from two o’clock in the afternoon of January 18 to eight o’clock in the morning on January 19 and that it was the permissible and established practice for a supervisor officially assigned to such a long tour of duty to leave the squad room as long as he remained available for call back to the command. Subsequent to the commencement of the article 78 proceeding, another departmental investigation, was conducted and it disclosed that official duty charts indicated that Sergeant Brady was assigned to duty during the hours indicated in Lieutenant Gaffney’s affidavit and that he was, therefore, “ responsible *605 for any immediate supervisory action prior to 8:00 A.M. ” on January 19. This investigation also indicated that, when he left the squad room on the night of January 18, he told the detectives on duty that he was going home and that he “ would be available.” In addition, a Detective Wootton indicated that the sergeant had called the squad room at about 11:00 p.m. on the night of January 18 to see if there were any messages for him.
A jury trial was ordered on the issue of the deceased’s duty status at the time of his death and the jury returned a special verdict finding that he was off duty. Upon the motion of the petitioner, the verdict was set aside as against the weight of the evidence. On appeal by the respondent, the Appellate Division, First Department, reversed and dismissed the petition on the ground that the determination of the deceased’s duty status was for the pension board and not for the court or jury and that, even if it were a question for the jury, the jury’s verdict was not against the weight of the evidence.
We conclude that, for the reasons given below, the matter must be remitted to the pension board for further proceedings so that it can reconsider its action in the light of all the evidence which the proceedings below have shown to have been available within the police department itself, but which was not before the pension board. In so doing we make no determination as to whether the deceased was on duty or off duty at the time of his death. We are merely giving effect to the provisions of the New York City Administrative Code (§ B18-39.0) under which the pension board is directed to pay accidental death benefits to the dependents of a deceased member when evidence is presented to the board proving that the death was the natural and proximate result of an accident sustained while in the performance of duty. This provision imposes a duty on the board to determine from all the available evidence whether the death in question was sustained as the result of an accident while the decedent was in the performance of his duties. (Matter of Kilgus v. Board of Estimate of City of N. Y., 308 N. Y. 620; Matter of Newbrand v. City of Yonkers, 285 N. Y. 164; Matter of Bennett v. Board of Trustees of Police Pension Fund, 20 A D 2d 522, affd. 16 N Y 2d 562.) In this case, it appears that the board merely adopted the reeommenda *606 tion by the medical panel which, in turn, had relied on an incomplete investigation which resulted in a purely conclusory report that the deceased was off duty at the time of his death. The board could not so delegate its independent responsibility for the determination of the issue upon which depended the granting or denial of the petitioner’s application. (Matter of Daley v. Board of Estimate of City of N. Y., 267 App. Div. 592.) The implications of this failure to make an independent evaluation and determination are acutely apparent in the abundance of documentary evidence in the form of duty charts and the testimonial evidence from the deceased’s commanding officer and the detectives who worked under his supervision, all of which evidence was clearly available within the police department itself but was never considered by the pension board.
Cognizant of the limited review of the board’s action which is available in this court, we are nevertheless constrained to say that, in light of all the circumstances surrounding this case, the police pension board has not fulfilled its duty under the statute to take evidence of the facts and make an independent determination of the issues based upon that evidence. (Matter of Newbrand v. City of Yonkers, supra; Matter of Bennett v. Board of Trustees of Police Pension Fund, supra.) It is precisely because of the severe limitations on the availability of judicial review of determinations made by bodies such as the pension board that such bodies must make a careful and painstaking assessment of all the available evidence and should defer final determinations until they are satisfied that all the evidence has been fully and fairly considered. (Matter of Kilgus v. Board of Estimate of City of N. Y., 308 N. Y. 620, 626-627, supra; Matter of Watson v. McGoldrick, 286 N. Y. 47, 55.) In this connection, the language of the court in Matter of Bennett v. Board of Trustees of Police Pension Fund (supra), a disability pension case, is particularly relevant : ‘ ‘ The proceedings before respondent are ex parte and petitioner has no right to submit evidence or dispute any evidence submitted. But he is entitled to have respondent make its own determination on evidence that will allow an advised conclusion. Here petitioner points to reports of the Police Department of investigations made by its own officers *607 as to the facts which he claims led to his disability.” (20 A D 2d 522, 523, affd. 16 N Y 2d 562, supra; emphasis added.) Mrs. Brady is also entitled to have the respondent board make its own determination on evidence that will allow an advised conclusion and she, too, points to police department reports and the testimony of police department personnel bearing on the facts relevant to the issue of the deceased’s duty status. Accordingly, as in Bennett, this matter should be remitted to the pension board so that it can reopen the matter to take whatever evidence is necessary to enable it to make an advised determination as to whether or not the deceased was on duty at the time of his death.
The order of the Appellate Division should be reversed and the proceeding remitted to the police pension board for further proceedings not inconsistent with this opinion, with costs to the appellant in this court and in the Appellate Division.
Chief Judge Fuld and Judges Soileppi, Bebgan, Keating and Jasen concur; Judge Bbeitel taking no part.
Order reversed, with costs to appellant in this court and in the Appellate Division, and matter remitted to the police pension board for further proceedings not inconsistent with the opinion herein.