■ In the Matter of GEORGE J. CENTAURO, Appellant, v. BOARD OF TRUSTEES OF THE NEW YORK FIRE DEPARTMENT ARTICLE I-B PENSION FUND, Respondent. — Judgment, Supreme Court, New York County entered on February 1, 1971, dismissing a petition to annul a determination of the Board of Trustees of the New York City Fire Department Pension Fund, reversed, on the law, without costs and without disbursements, judgment vacated, and the petition granted to the extent of remanding the matter to the respondent Board of Trustees for further proceedings in accordance with this memorandum. Petitioner-appellant, a New York City fireman since 1956, was involved in an automobile accident on June 30, 1967. He sustained personal injuries which incapacitated him until July 17, 1967, when he was placed on limited duty. On August 8, 1967 he was found to be fully recovered and resumed his full duties, including fire fighting. On January 18, 1968, more than five months after he had been found fully recovered and after he had resumed his full duties, while attempting to hook a pumper to a fire hydrant, he slipped and fell on ice, sustaining injuries to his right leg, right knee, hip and back. He received first aid at the scene by a Fire Department medical officer who placed him on sick leave. He was continued on sick leave until his retirement on ordinary disability on November 19, 1968. His application for retirement on an accidental service-connected disability pension was supported by the reports of three treating physicians who unanimously related his disability to the January 18, 1968 accident. Furthermore, and most importantly, Dr. Robert Jaffe, who examined appellant

on May 15, 1969 on behalf of the Fire Department and who reported his findings not to the patient, but to the Fire Department, related all of appellant's disability symptoms to the injury of January, 1968. The Medical Board of the Fire Department Pension Fund concluded that appellant did not have a service-connected disability and recommended to the Trustees that the request for retirement be approved but for ordinary disability only and not for service-connected disability. The Trustees accepted the Medical Board's recommendation and granted ordinary disability retirement. For the reasons given below, the matter is remitted to the Board of Trustees for further proceedings so that it can reconsider its action in the light of all the evidence. If appellant's conceded disability is causally related to the January 18 accident he is entitled to a larger pension than he received. The responsibility to make the determination is placed on the Board of Trustees. In this case, it appears that the Trustees merely adopted the recommendation by the Medical Board. The Board of Trustees could not so delegate its independent responsibility for the determination of the issue upon which depended the granting or denial of this fireman's application (*Matter of Brady* v. *City of New York*, 22 N Y 2d 601; *Matter of Daley* v. *Board of Estimate of City of N. Y.*, 267 App. Div. 592). Cognizant of the limited review of the Trustee's action which is available in this court, we are nevertheless constrained to say that, in light of all the circumstances surrounding this case, the Board of Trustees has not fulfilled its duty under the law to take evidence of the facts and make an independent determination of the issues based upon that evidence. "It is precisely because of the severe limitations on the availability of judicial review of determinations made by bodies such as the pension board that such bodies must make a careful and painstaking assessment of all the available evidence and should defer final determinations until they are satisfied that all evidence has been fully and fairly considered." (*Matter of Brady* v. *City of New York*, supra, p. 606 and cases therein cited.) Appellant is entitled to have respondent make its own determination on evidence that will allow an advised conclusion. Here, petitioner points to the reports of all his treating physicians and the report of the Fire Department's own doctor as supporting his claim to service-connected disability. Concur — Nunez, Murphy and Tilzer, JJ.; McGivern, J. P. and Markewich, J., dissent in the following memorandum by Markewich, J.: The difficulty with the majority's remand is that it is based on an incomplete record, made so by the fact that petitioner, and it could not have been other than deliberately, failed to disclose his nonservice connected accident to those doctors who found his complaints referable to his service-connected disability. Each doctor was careful to found his conclusion solely on the history given by petitioner. Considering all the circumstances, there was indeed a rational basis in the evidence for the determination made by respondent board, and Special Term's dismissal of the petition should be affirmed.