■ In the Matter of RALPH MANZA, Respondent, v. BENJAMIN MALCOLM, as Commissioner of the Department of Correction of the City of New York, et al., Appellants.— Judgment, Supreme Court, New York County, entered March 28, 1973, annulling the respondents' determintaion and granting the petition and directing that respondents retire petitioner on a service-connected disability, unanimously reversed, on the law, and vacated, without costs and without disbursements, and the petition dismissed. On August 11, 1970, petitioner, a correction officer, was assaulted during riots at the Tombs Prison. The next day the petitioner was treated at the emergency room of Methodist Hospital and was released the same day. On August 17, 1970, petitioner was again taken to Methodist Hospital where he remained as a patient until September 17, 1970. However, petitioner was unable to return to his duties and accordingly, on November 10, 1971, he applied for service-connected disability retirement, urging that his condition, which had been diagnosed as coronary thrombosis, was causally connected to the assault. The Medical Board of the Retirement System in a report dated May 18, 1972, concluded that although petitioner was disabled, such disability was not related to the assault. Thereafter, on July 21, 1972, the Board of Trustees adopted a resolution accepting the Medical Board's recommendation and accordingly, denied the application. Special Term, in granting the petition, found that "there is clear medical evidence to support a finding that petitioner's disability is the result of the injuries sustained during the riots." In so doing, the court in effect, passed upon the weight of the evidence, which was error. The issue before the court was whether the Board of Trustees acted arbitrarily and accordingly, all that should have been determined was whether there was "some credible evidence to support the findings of appellant." (*Matter of Drayson v. Board of Trustees of Police Pension Fund of City of N. Y.,* 37 A D 2d 378, 380, affd. 32 N Y 2d 852.) A review of the record herein establishes quite clearly that respondents' determination was based upon credible evidence. Although various of the medical reports supported petitioner's application, several of the reports failed to conclude that the assault

was a competent producing cause of the disability, emphasizing instead the initial complaints made when petitioner was first admitted to the emergency room as well as petitioner's prior medical history, including a long-standing cardiac condition. There being a conflict in the medical evidence, it was solely within the province of the Medical Board, and the Trustees to resolve such conflict. (See *Matter of Thomasson* v. *Valentine,* 263 A D 2d 334.) Accordingly, there being competent evidence to support the Medical Board's recommendation, the Board of Trustees acted properly in relying upon such advice and it cannot be said that the determination was arbitrary. (See *McCabe* v. *Hoberman,* 33 A D 2d 547; *Matter of Strauss* v. *Hannig,* 256 App. Div. 662, affd. 281 N. Y. 612.) Concur — McGivern, P. J., Markewich, Nunez, Tilzer and Lane, JJ.