■ In the Matter of JOHN W. KELLY, Appellant, v BOARD OF TRUSTEES OF

THE POLICE PENSION FUND, ARTICLE II, Respondent.—Judgment, Supreme Court, New York County, entered September 6, 1974 dismissing a petition to annul a determination of the Board of Trustees of the Police Pension Fund, unanimously reversed, on the law, without costs or disbursements, judgment vacated, and the petition granted to the extent of remanding the matter to the respondent board of trustees for further proceedings in accordance herewith. Petitioner was a member of the New York City Police Department since 1942 and a Captain since 1969. While operating a police department vehicle on official duty, on January 4, 1972, petitioner received serious injuries to his cervical spine, back and neck when his vehicle was involved in a three-car collision. From the date of the accident and until he was retired, petitioner was under medical care and on sick leave. In October, 1972 petitioner applied for both accident disability retirement and ordinary disability retirement. He appeared before the medical board for examination on February 23, 1973. The medical board reported that petitioner was unfit to perform police duty because of pre-existing osteoarthritis of his cervical spine and excluded the injuries resulting from the accident as a cause or aggravation of his condition. It recommended to the board of trustees that his application for accident disability retirement be disapproved and recommended retirement for ordinary disability. The trustees followed the recommendation without prejudice to the submission of additional evidence in support of petitioner's claim of accident disability. A subsequent application for accident disability based on additional evidence was denied by the board of trustees by a tie six-to-six vote, again on the medical board's recommendation. Petitioner now contends that the board of trustees made its decision based solely on the medical board's recommendation without having all the available medical information. It is conceded that petitioner sustained disabling injuries on January 4, 1972 while engaged in the performance of his police duties. The single issue appears to be whether or not the injuries were causally related to, or the cause of petitioner's permanent disability. Following the accident petitioner was treated and examined by several police department surgeons who reported their findings and opinions to the department. It further appears that about 10 of these reports, said to be favorable to petitioner's claim of accident disability, were not considered by either the medical board or the board of trustees. The court's power to review the trustee's action is limited. "It is precisely because of the severe limitations on the availability of judicial review of determinations made by bodies such as the pension board that such bodies must make a careful and painstaking assessment of all the available evidence and should defer final determinations until they are satisfied that all the evidence has been fully and fairly considered." (Matter of Brady v City of New York, 22 NY2d 601, 606; see, also, Matter of Centauro v Board of Trustees, 41 AD2d 626.) Petitioner had been on active duty up to the time of his accident. He became disabled as a result of the accidental injuries. If he had a pre-existing arthritic condition it was apparently dormant and asymptomatic. If his disability is causally related to the accident, he is entitled to accident disability benefits. Under these circumstances, fairness demands that all available relevant medical evidence be considered by the medical board and the board of trustees before petitioner's claim to accident disability retirement may properly be rejected. Concur—Murphy, J. P., Lupiano, Capozzoli, Lane and Nunez, JJ.