In the Matter of THOMAS PERKINS, Appellant, v BOARD OF TRUSTEES OF THE NEW YORK FIRE DEPARTMENT ARTICLE 1-B PENSION FUND et al., Respondents.—Judgment, Supreme Court, New York County, entered September 13, 1976, which dismissed the petition seeking accident disability rather than ordinary disability, unanimously reversed, on the law, without costs and without disbursements, judgment vacated and the petition granted to the extent of remanding the matter to the Board of Trustees of the New York Fire Department Article 1-B Pension Fund for further proceedings in accordance herewith. Petitioner while returning from a fire apparently sustained an injury to his lower back when the engine in which he was riding was struck by another vehicle. He was placed on sick leave and subsequently called before the medical division of the fire department for examination, which resulted in a recommendation that petitioner be given limited duty as a consequence of a "partial permanent disability." After performing limited duty for a period of three and one-half weeks, petitioner· was again placed on sick leave for "back spasm." The medical division called

petitioner for re-evaluation of his fitness to perform fire duty and upon concluding that petitioner was suffering a partial permanent disability, referred him to its orthopedic consultant, Dr. Hyman, for examination and report. Dr. Hyman submitted a report of his findings and recommendations in which he concluded that petitioner had sustained an acute injury to the low back and recommended hospitalization with absolute bed rest, appropriate medication and neurological consultation. Except for the neurological consultation, Dr. Hyman's recommendations were not followed by the medical division. Subsequently, petitioner was directed to report to the article 1-B medical board with a view toward retiring petitioner from the department if it were found that he was incapacitated for the performance of duty. In its report, after an examination on June 2, 1975, the medical board stated: "Fireman Perkins sustained an injury to his low back * * * when the apparatus he was riding on was struck by a vehicle. Fireman Perkins twisted his back from the impact of the collision." Before making a final decision, the medical board referred petitioner to a neurosurgeon, Dr. Rovit, for a neurological examination. Dr. Rovit concluded in his report that petitioner was not disabled and that his back problems were "congenital" and not the result of petitioner's duties. The article 1-B medical board seized upon the report of its neurological consultant, Dr. Rovit, and reported to the board of trustees that petitioner's problems were congenital and that he, therefore, be granted ordinary disability. The board of trustees referred the matter back to the medical board for re-evaluation and the latter, after reviewing the file with no further physical examination or tests, reported to the board of trustees in similar fashion to its prior report. In consequence, petitioner was retired for ordinary disability and instituted the instant article 78 proceeding. Petitioner's own physician, Dr. Kohn, determined that the accident caused petitioner's problems. Dr. Hyman, the medical division's orthopedic consultant, was of a similar opinion. However, the medical board, while not accepting that part of Dr. Rovit's report which found that petitioner was not even disabled, seized upon Dr. Rovit's conclusion that petitioner's back problems *"appeared* congenital" (emphasis supplied). Despite the conflict between the medical board's own experts, the board of trustees adopted the assumption voiced by the medical board that petitioner's back problem was congenital, though the medical board conceded that petitioner was injured on duty and was on sick leave or limited duty from the date of the accident to the date of retirement and that petitioner's prior medical record indicated no abnormalities. The board of trustees had the responsibility of making an independent finding as to the cause of disability, but on this record, appears to have merely adopted the recommendation of the medical board which, in turn, relied upon an incomplete investigation which resulted in a conclusory report that the petitioner's back problems were congenital. Clearly on this record "fairness demands that all available relevant medical evidence be considered by the medical board and the board of trustees before petitioner's claim to accident disability retirement may properly be rejected" *(Matter of Kelly v Board of Trustees of Police Pension Fund, Art. II,* 47 AD2d 892, 893). The record does not sufficiently indicate the reason for the board of trustees' action. It is beyond cavil that the board of trustees' final decision must be in such form as to permit adequate judicial review. As stated in *Matter of Giannino v Lang* (52 AD2d 539, 540): "In view of the fact that the record before us discloses no pre-existing condition or indication that the injury was other than service incurred, we are at a loss to understand how, in the opinion of the retirement board, this same injury would qualify petitioner for ordinary disability retirement but

not for accident disability retirement." A further investigation of the causation of the disability is required (see *Matter of Brady v City of New York*, 22 NY2d 601). Concur—Lupiano, J. P., Silverman, Evans and Markewich, JJ.