■ In the Matter of MATTHEW FERRIGNO, Respondent, v BOARD OF TRUSTEES OF THE POLICE PENSION FUND OF THE POLICE DEPARTMENT OF THE CITY OF NEW YORK, ARTICLE II, Appellants.—Judgment of the Supreme Court, New York County, entered December 17, 1976, which vacated the ordinary disability pension granted to petitioner-respondent and ordered the board to award petitioner an accident disability pension retroactive to July 2, 1976, unanimously reversed, on the law, vacated, and the petition dismissed, without costs or disbursements. We conclude that the finding of the medical board that petitioner's cardiac condition was not job related was based upon competent evidence, and provided a rational basis for the board's determination *(Matter of Manza v Malcolm, 44 AD2d 794)*. The medical board's finding was based upon an examination of petitioner, his medical history of surgery and radiotherapy for Hodgkin's disease, EKG tape recordings, and the result of a stress test given petitioner. The medical board found petitioner's disability was "secondary to radiation and due to disease of the left carotid sinus which in turn was due to Hodgkin's disease" and "cannot be considered to be related to the stresses of Lieutenant Ferrigno's occupation". The evidence served to overcome the presumption contained in the "Heart Bill" (General Municipal Law, § 207-k). Although petitioner's personal physician found that petitioner's cardiac condition "is in no way related to his underlying history of Hodgkin's Disease or his treatment for that condition", the board of trustees was entitled to rely on the findings of its medical board *(Matter of Drayson v Board of Trustees of Police Pension Fund of City of N. Y., 37 AD2d 378, 381, affd 32 NY2d 852)*. Concur—Murphy, P. J., Birns, Silverman, Evans and Fein, JJ.

■ JANE DARNELL et al., Respondents, v GENERAL ELECTRIC COMPANY, Appellant. ARNOLD B. ELKIND, Respondent.—Order, Supreme Court, New York County, entered on September 7, 1977, unanimously affirmed for the reasons stated by Ascione, J., at Special Term, without costs and without disbursements. Concur—Lupiano, J. P., Birns, Silverman, Markewich and Sullivan, JJ.

■ In the Matter of the Arbitration between FRANCIS J. SULLIVAN, Appellant, and DAYTON R. STEMPLE, Respondent.—Judgment, Supreme Court, New York County, entered on March 8, 1978, unanimously affirmed on the opinion of Nadel, J., at Special Term. Respondent shall recover of appellant $40 costs and disbursements of this appeal. Concur—Kupferman, J. P., Evans, Fein, Lane and Markewich, JJ.

■ UNITED STATES LEASING CORP., Respondent, v WILLIAM D. FRIEDMAN et al., Defendants-Appellants and Third-Party Plaintiffs-Appellants. PITNEY-BOWES, INC., Third-Party Defendant-Respondent.—Order of the Appellate Term, First Department, entered on June 14, 1977, unanimously affirmed for the reasons stated at Appellate Term, without costs and without disbursements. Concur—Kupferman, J. P., Evans, Fein, Lane and Markewich, JJ.