■ In the Matter of THOMAS COSTELLO, Respondent, v BOARD OF TRUST-EES OF THE POLICE PENSION FUND, ARTICLE II, Appellant.—Judgment, Supreme Court, New York County, entered July 8, 1977, which granted the application of petitioner to annul the determination of respondent and which directed that petitioner be retired on accidental disability, unanimously modified, on the law, without costs and disbursements, to the extent that the judgment is vacated insofar as it directed that petitioner be retired on accidental disability and receive the salary differential attributable to such retirement, and, as so modified, affirmed and the matter remanded to respondent for further consideration. Petitioner sustained a nonline-of-duty back injury in 1966. In 1968 he sustained a line-of-duty back injury. Again, in 1970, he sustained a line-of-duty injury when he was struck by a car operated by a suspect whom petitioner was attempting to apprehend. Hospitalized for contusions of the left hip and knee, petitioner was placed in traction because of symptomatology relating to apparent back spasm. After recovering and returning to duty, petitioner subsequently in 1975 applied for accidental disability retirement. Respondent, in 1976, directed that petitioner be retired on a nonservice connected disability pension and the instant article 78 proceeding followed. On this record it is clear that the Medical Board of the Police Pension Fund failed to observe that the police department in its surgeon's reports did not consider whether the 1968 and 1970 accidents were causally related to the 1966 accident. In other words, there was no indication in the medical board's report that it considered whether the 1968 and/or 1970 injuries, concededly sustained in the line of duty, caused petitioner's disability or contributed to an aggravation of his 1966 injury. The medical board's report to the trustees being conclusory in nature may not serve as a basis of the trustees' determination (see *Matter of Brady v City of New York,* 22 NY2d 601). In effect, the medical board determined that the 1966 accident was the cause of petitioner's disability without fairly considering obvious alternative causes (see *Matter of Kelly v Board of Trustees of Police Pension Fund, Art. II,* 47 AD2d 892). Accordingly, the matter is remanded to the Board of Trustees of the Police Pension Fund, Article II, for further consideration as to the causation of petitioner's disability (see *Matter of Giannino v Lang,* 52 AD2d 539; *Matter of Centauro v Board of Trustees of N. Y. Fire Dept. Art. 1-B Pension Fund,* 55 AD2d 546). Concur—Murphy, P. J., Lupiano, Birns, Silverman and Sullivan, JJ.

■ In the Matter of SULZBERGER-ROLFE, INC., Appellant, v DANIEL W. JOY, as Commissioner of the Department of Rent and Housing Maintenance, Respondent.—Judgment, Supreme Court, New York County, entered on March 21, 1978, unanimously affirmed for the reasons stated by Bloom, J., at Special Term. Respondent shall recover of appellant $60 costs and disbursements of this appeal. Concur—Murphy, P. J., Lupiano, Fein, Markewich and Yesawich, JJ.