■  In the Matter of GEORGE E. DAY, Appellant, v BOARD OF TRUSTEES OF NEW YORK CITY FIRE DEPARTMENT, ARTICLE 1-B PENSION FUND, et al., Respondents.—Judgment, Supreme Court, New York County, entered September 13, 1978, denying petitioner's application for accidental disability retirement, is unanimously reversed, without costs, on the law and in the exercise of discretion, and the petition is granted to the extent of remanding the matter to the Fire Department's Article 1-B Pension Fund Medical Board for reconsideration of the application in light of the October 18, 1977 report of Dr. Arthur L. Eisenstein. Petitioner, a 28-year veteran of the New York City Fire Department, injured his knee in the line of duty on June 25, 1977. Over the next seven weeks he was examined at the department's behest by no less than five medical specialists in the fields of orthopedic surgery, radiology and roentgenology. The last of these examinations was conducted by Dr. Magliato, an orthopedic surgical consultant who concluded that petitioner's knee problems were possibly due to a degenerative arthritic condition which predated and was unrelated to the June, 1977 accident. Dr. Magliato's report to the medical board, dated September 28, 1977, recommended against a disability retirement based on the knee condition. On October 18, 1977 petitioner was examined by Dr. Eisenstein, an orthopedic surgeon of his own choice. Whereas Dr. Magliato had found no ruptured menisci in the knee, Dr. Eisenstein noted "a torn right medial meniscus as a result of [petitioner's] accident of June 25, 1977", possibly requiring an eventual operation. The clear difference of opinion between Dr. Magliato and Dr. Eisenstein would seem to warrant some discussion. Yet, when the

medical board convened on October 25, 1977, it rendered a 2 to 1 recommendation to the board of trustees of the pension fund against a disability retirement, noting only that it "now [had] available to us the opinion of our impartial Orthopedic Consultant, Dr. Henry J. Magliato of NYC, dated September 28, 1977 in which Dr. Magliato states that, 'this man does not have sufficient pathology in the musculoskeletal system with regard to a [sic] work related injuries to warrant a disability retirement on this basis.'" The minority member of the medical board reached the conclusion that the June, 1977 accident did aggravate a previously existing condition of chondromalacia in the right knee. The medical board then unanimously recommended an ordinary medical (nonservice incurred) disability retirement based on a condition of hypertension. The members of the board of trustees were equally divided on December 3, 1977, thus approving an ordinary medical disability retirement. Dr. Barenfeld, a colleague of Dr. Eisenstein later reviewed petitioner's medical records and came to a more equivocal conclusion as to the cause of petitioner's disability—i.e., whether a result of the recent accident or of a progressively degenerative condition. However, this conclusion was reached some two weeks after the medical board's recommendation, and thus was not properly part of the pension fund file. It is the medical board's failure to have mentioned the *Eisenstein* report of examination, rendered 20 days after the Magliato report and only one week before the board's meeting, which indicates the possibility that the medical board never considered what can only be described as evidence crucial to petitioner's case. In this respect the medical board's report to the board of trustees was unnecessarily one-sided and conclusory *(Matter of Costello v Board of Trustees of Police Pension Fund, Art. II,* 63 AD2d 894). While a mere conflict of opinion among physicians is not a ground for interfering with a medical board recommendation based upon credible evidence *(Matter of Manza v Malcolm,* 44 AD2d 794), the board of trustees does have a responsibility, where evidence is conflicting, to reach an independent finding in a manner supported by a record adequate for purposes of judicial review *(Matter of Perkins v Board of Trustees of N. Y. Fire Dept. Art. 1-B Pension Fund,* 59 AD2d 696), rather than simply relying on the recommendation of its medical board. Here it is unclear whether the medical board even considered the Eisenstein report. This matter should be remanded to the medical board for consideration of all available medical evidence, including the report of Dr. Eisenstein, in the "interest of making sure that no injustice has been done and no relevant evidence overlooked" *(Roth v Board of Trustees of Teachers' Retirement System of City of N. Y.,* 66 AD2d 664, 665). We have examined petitioner's other contentions on this appeal and find them to be without merit. Concur—Fein, J. P., Sandler, Sullivan and Bloom, JJ.