■ In the Matter of Louis P. ALBENGA, Appellant, v ROBERT J. McGUIRE, as Police Commissioner of the City of New York, et al., Respondents. — Judgment of the Supreme Court, New York County, entered August 1, 1980, denying petitioner's application to review a determination of the Board of Trustees of the Police Pension Fund denying his application for accidental (line of duty) disability retirement and retiring him for ordinary disability, affirmed, without costs. Petitioner, a Marine veteran, received a shrapnel wound in his upper left arm in 1967 while serving in Vietnam. In 1968 he was appointed a police officer after making full disclosure of his injury and after a complete medical examination. From 1968 to October 3, 1978 he served creditably on active police duty, achieving the rank of detective. On October 3, 1978, while assisting a person in the throes of an epileptic seizure, he suffered injury to his neck, shoulder and left arm. He remained on sick leave until December 26, 1978, returning to limited duty on December 27. On March 5, 1979, petitioner applied for line of duty disability, contending that the injury suffered by him on October 3, 1978 had caused him to become disabled. Thereafter, the police commissioner requested that the petitioner be retired for ordinary disability. Petitioner was treated initially at Columbia Presbyterian Medical Center and thereafter the Medical Board of the Police Pension Fund had him examined by various physicians. Dr. Selznick, an honorary police surgeon, in his final report indicated a *"temporary* partial disability causally related to the accident" (emphasis supplied). Dr. Ransohoff reported that "His EMG's which serve as a good baseline for further evaluation, show mild radiculopathy of the radial nerve *but these probably were present before the injury"* (emphasis supplied). Not even Dr. D'Angelo, the petitioner's treating physician, would causally relate petitioner's condition to the injury suffered on October 3, 1978. Based on these examinations, the medical board concluded that its findings did not support the claim of disability related to a line of duty injury. It recommended that petitioner be retired for ordinary disability. The board of trustees adopted that recommendation. While the evidence before the board may have been conflicting in some respects, it was for the trustees to resolve that conflict *(Matter of Manza v Malcolm,* 44 AD2d 794). Since the result reached by them was bottomed on substantial evidence, we may not interfere. Concur — Kupferman, J.P., Sandler, Bloom and Fein, JJ.

Lupiano, J., dissents in a memorandum as follows: It is well recognized that where there is "a conflict in the medical evidence, it was solely within the province of the Medical Board, and the Trustees to resolve such conflict" *(Matter of Manza v Malcolm,* 44 AD2d 794, 795). However, in the instant matter there was simply *no conflict* in the medical evidence. Dr. Selznick, an honorary police surgeon, diagnosed petitioner's condition as "Cervical radiculitis with radial nerve involvement, left side * * * A temporary partial disability causally related to the accident as described." Dr. Protass, an honorary police surgeon, reported: "his [petitioner's] symptoms are most suggestive of cervical radiculopathy * * * His current symptoms appear unrelated to [petitioner's war wound in 1967]." Dr. Ransohoff in his report stated: "it seems clear that while assisting a patient who had had a generalized seizure [petitioner] traumatized the lateral aspect of his left forearm at the site of his prior shrapnel injury". Despite the aforesaid medical reports which did not conflict, but were consonant with each other, the medical board concluded that petitioner's current disability was not causally related in any manner to his line of duty injury, but was *solely* due to a pre-existing injury, to wit, petitioner's shrapnel wound suffered in Vietnam. The reports by the medical doctors tended strongly to establish that petitioner's disability is causally related to his line of duty accident. Further, the medical board's own examination of petitioner tends to demonstrate that the neck and shoulder sprain was not an isolated minor injury, fully separate from his current disability. The medical board noted that the sprain injury "radiated" down petitioner's left forearm. It would appear, therefore, that this line of duty injury is causally connected to the current disability, in that it aggravated the asymptomatic nerve damage injury sustained in Vietnam. The instant matter is somewhat analogous to the circumstances arising in *Matter of Kelly v Board of Trustees of Police Pension Fund, Art. II* (47 AD2d 892) and the same over-riding principle of fairness enunciated therein mandates a similar result in this matter. Accordingly, I conclude that the order and judgment of the Supreme Court, New York County, entered August 1, 1980, which denied petitioner's application and dismissed his petition, should be reversed, on the law, without costs and disbursements; judgment vacated and the petition granted to the extent of remanding the matter to the respondent board of trustees for further proceedings in accordance herewith.