■ In the Matter of DONALD ROCCO, Respondent, v BOARD OF TRUSTEES, POLICE PENSION FUND, ARTICLE II, et al., Appellants. — Order, Supreme Court, New York County (H. Gabel, J.), entered February 23, 1982, granting petitioner's application for leave to renew, and upon such renewal granting the CPLR article 78 petition to the extent of remanding the matter to the medical board for consideration of all available evidence, is unanimously reversed, on the law and the facts, and in the exercise of discretion, with costs, and the petition is dismissed. Petitioner had a history of extraordinary abuse of sick leave, ultimately resulting in a plea of guilty in disciplinary proceedings. His sixth application for disability retirement was denied by the trustees of the Police Pension Fund, Article II, in November, 1978. Petitioner took service retirement. This article 78 proceeding to review the denial of disability retirement resulted in a decision on July 23, 1979, directing dismissal of the petition, and settlement of the judgment. For some reason no judgment was settled or

entered. In October, 1981 petitioner moved to modify the decision of July 23, 1979 to remand the matter for reconsideration by the medical board on the ground that a CAT scan taken on March 10, 1981 showed objective evidence of back injury. In opposition to the application, there is an affidavit by the chairman of the orthopedic board of the medical board to the effect that "a myelogram is a more accurate and precise indicator of orthopedic problems than a CAT Scan. In petitioner's case, his myelogram was negative indicating no evidence of the disability which he claims entitles him to early retirement benefits." Special Term granted petitioner's application for such remand "in the interest of making sure that no injustice has been done and no relevant evidence has been overlooked." This was error. There are obviously conflicting considerations of policy: on the one hand, the consideration mentioned by Special Term; on the other, the desirability of finality in administrative determinations. It is not the judicial role to resolve that conflict in the present case. The courts are not given *original* jurisdiction to direct the manner in which an administrative agency shall perform its functions. In general the judicial function is only a *review* function. And on such review in an article 78 proceeding, the "only questions that may be raised" are those specified in CPLR 7803. For present purposes, those questions are only whether respondent "failed to perform a duty enjoined upon it by law" (subd 1), or whether the determination was "arbitrary and capricious or an abuse of discretion" (subd 3). Obviously, it cannot be said that respondents failed to perform a duty enjoined upon them by law or were arbitrary and capricious in not considering medical evidence which was not submitted to them and which was not in existence at the time of their determination. *Matter of Day v Board of Trustees* (74 AD2d 507), relied upon by Special Term, involved a claim that the medical board had failed to consider a piece of medical evidence which had been submitted to them before they made their recommendation. Whether, as an original matter, respondents can or should reopen the proceedings to consider this additional evidence, if petitioner applies to them for such relief, is not a matter for judicial determination at the present stage. Concur — Sullivan, J. P., Asch, Silverman, Bloom and Milonas, JJ.