■ In the Matter of ERWIN BROWN, Respondent, v BOARD OF TRUSTEES OF THE POLICE PENSION FUND OF THE POLICE DEPARTMENT OF THE CITY OF NEW YORK et al., Appellants. — Order and judgment (one paper) of the Supreme Court, New York County (Irving Kirschenbaum, J.), entered on or about November 14, 1983, which annulled a determination of the Board of Trustees of the Police Pension Fund, Article II (the Board of Trustees) and directed that the Board of Trustees award petitioner an accident disability pension retroactive to March 31, 1983, modified, on the law, without costs, judgment vacated and petition granted to the extent of remanding the matter to the Board of Trustees for further proceedings in accordance herewith, and otherwise affirmed.

Petitioner, a police lieutenant, while on duty, tripped and fell over two metal pipes protruding from the floor in his precinct station house, injuring his back. He was treated at a local hospital and released and was on sick leave for 10 days. During petitioner's approximately 22 years of service in the New York City Police department prior to the accident, these were the first days of absence from work because of complaints of back pain. Subsequent to the accident, a number of days were taken off, intermittently, due to such complaints. The X rays taken at the time of the accident in 1975, and at several subsequent times over the next seven years, when petitioner submitted an application for accident disability retirement, indicated a preexisting degeneration of a disc. The several medical examinations given petitioner during those seven years noted the preexisting condition.

The report of the Medical Board noted that petitioner's physician had concluded that the disability was due to aggravation of a preexisting condition. The Medical Board reported that it had:

"reviewed the X-rays from 1975 to the present and noted severe changes in the L5-S1 inter-space that have been constant since 1975.

"The Article II Medical Board, therefore, concluded that the officer has a disability, but the *chief* cause of this is a preexisting degeneration of the disc at the L5-S1 inner [*sic*] space. We, therefore, recommend that his own application for Accident Disability Retirement be disapproved and that the Police Commissioner's application for Ordinary Disability Retirement be approved" (emphasis added).

The supervising Chief Surgeon of the Police Department, who is also the medical consultant to the Board of Trustees, in explaining the finding, stated:

"The Article 2 Medical Board, therefore, concludes that the officer has a disability but that the chief cause of this is a preexisting degeneration of the disc at the L5-S1 inter-space, etc.

"So what they are saying is that there probably was some aggravation, but the primary condition was a pre-existing one. I think that is very specific and it makes sense to me".

The Board of Trustees' vote on the matter resulted in a tie by consequence of which petitioner was retired on ordinary disability (*Matter of City of New York v Schoeck*, 294 NY 559).

While the Medical Board's determination of disability, by which the Board is bound (*Matter of Canfora v Board of Trustees*, 60 NY2d 347; Administrative Code of City of New York §§ B18-42.0, B18-43.0), resulted in petitioner's retirement on ordinary

disability, the record is ambivalent. It does not indicate whether either the Medical Board or the Board of Trustees made a determination as to the causal relationship between the accident and the disability, i.e., a finding that petitioner's concededly line-of-duty accident in 1975 was or was not the proximate cause of his disability. The Medical Board found that the "chief" cause of the disability was a preexisting condition. It did not consider whether the line-of-duty injury aggravated the apparently dormant and asymptomatic preexisting condition to the extent that it became disabling when it did, or whether the disability would have occurred in the same time span independently of the line-of-duty injury. In the first instance, petitioner would have been entitled to accidental disability retirement (*Matter of Kelly v Board of Trustees,* 47 AD2d 892; *Matter of Costello v Board of Trustees,* 63 AD2d 894). In the latter, he would not.

Because the record is deficient in this regard, we remand for appropriate consideration. Concur — Asch, Bloom and Milonas, JJ.

Sandler, J. P., dissents in part in a memorandum as follows:

As the court's memorandum makes clear, the medical report concluded that the petitioner "has a disability, but the *chief* cause of this is a pre-existing degeneration of the disc at the L5-S1 inner [*sic*] space."

As explained by the supervising Chief Surgeon of the Police Department, who is also the medical consultant to the Board of Trustees, this meant: "So what they are saying here is that * * * the process had existed probably as a result of the degenerative process of aging prior to the 1975 injury because if he had evidence of severe degenerative changes in 1975, the year of the injury, then certainly they didn't begin all of a sudden and must have preexisted to some extent."

Responding to the argument that a herniated disc comes from a trauma, the supervising Chief Surgeon went on to say, "I really think that the explanation is that there was a preexisitng condition and there may have been some — well, here it states, beginning in Paragraph 6 on Page 33, it says the Board reviewed the X rays from 1975 to the present and noted severe changes in the L5-S1 interspace that have been constant since 1975. The Article 2 Medical Board, therefore, concludes that the officer has a disability but that the chief cause of this is a preexisting degeneration of the disc at the L5-S1 interspace, et cetera. So what they are saying is that there probably was some aggravation, but the primary condition was a preexisting one."

The court's memorandum appears to take the position that any disability resulting from a preexisting condition entitles the employee to an accidental disability pension if the preexisting condition was aggravated, although in a secondary way, by a line-of-duty accident. I am aware of no authority for that view. Neither of the cases relied upon in the majority memorandum (*Matter of Kelly v Board of Trustees,* 47 AD2d 892; *Matter of Costello v Board of Trustees,* 63 AD2d 894) provides any support for that proposition.

Nor do I see a basis for the conclusion that the Medical Board failed to consider the possibility that a dormant condition had somehow been activated by the accident. As quite clearly explained by the supervising Chief Surgeon of the Police Department, the Medical Board found a preexisting degenerative process which had been developing prior to the accident.

Undoubtedly a difficult problem of causality is presented where disability results primarily from a preexisting degenerative condition but there is evidence that a line-of-duty accident aggravated that condition in a secondary way, and may have advanced to some unknown extent the date on which the employee was sufficiently disabled to require retirement. This seems to me the kind of combination of circumstances which in the usual case is best left to the discretionary judgment of the Board of Trustees.

Moreover, the Board of Trustees having divided 6 to 6, the decision denying accidental disability benefits must stand "[u]nless it can be determined as a matter of law on the record that the disability was the natural and proximate result of a service-related accident" (*Matter of Canfora v Board of Trustees,* 60 NY2d 347, 352). In my opinion it cannot be concluded here that petitioner was entitled to accidental disability benefits as a matter of law.

Accordingly, the order and judgment (one paper) of the Supreme Court, New York County (Irving Kirschenbaum, J.), entered November 10, 1983, which annulled a determination of the Board of Trustees of the Police Pension Fund, Article II, and directed that the Board of Trustees award petitioner an accidental disability pension retroactive to March 31, 1983, should be reversed, on the law, without costs, the judgment vacated, and the petition should be dismissed.