■ In the Matter of ANTHONY J. LUCIANO, Petitioner, v LEONARD J. HUETHER, as Fire Chief of the City of Rochester, et al., Respondents.—Determination unanimously annulled on the law with costs, and petition granted to the extent of awarding petitioner accidental disability benefits pursuant to section 8B-5 of the Rochester City Charter. Memorandum: Petitioner, a captain and 34-year veteran of the City of Rochester Fire Department, went off duty August 26, 1982 when he was advised by his physician that he had an underlying heart disease known as atherosclerosis and had suffered an asymptomatic myocardial infraction, or heart attack, sometime in the past. Petitioner subsequently applied for line-of-duty disability benefits under section 8B-5 of the Rochester City Charter, claiming the benefit of the presumption of a service-connected heart disease (General Municipal Law § 207-k; Rochester City Charter, as amended by L 1977, ch 966). He was examined by Doctors David Goldstein and Robert Easley, at respondent's request. An evidentiary hearing was then conducted at which respondent had the burden of rebutting the statutory presumption by offering evidence that petitioner's disabling myocardial infarction was not incurred in the performance and discharge of duty. Dr. Robert Easley, called by respondent, testified that petitioner was disabled due to a myocardial infarction which he sustained sometime prior to August 1982. He acknowledged, on cross-examination, that there was no evidence that the myocardial infarction was not incurred in the performance and discharge of duty. Respondent offered no additional medical evidence to rebut the statutory presumption.

We conclude that respondent failed to present competent evidence sufficient to rebut the statutory presumption and that the Hearing Officer should have granted petitioner's motion. Doctor Easley opined that the cause of petitioner's disability was the myocardial infarction he had suffered in the

past and was unable to express an opinion with medical certainty that his disabling condition was not job related. Such evidence failed to rebut the presumption and petitioner was entitled to a determination in his favor. (Article 78 proceeding transferred by order of Supreme Court, Monroe County, Houston, J.) Present—Callahan, J. P., Denman, Balio, Lawton and Davis, JJ.