■ In the Matter of ALEXANDER D'ANGELO, Appellant, v BENJAMIN WARD, as Police Commissioner of the City of New York, et al., Respondents.—Judgment of the Supreme Court, New York County (Harold Baer, Jr., J.), entered April 25, 1989, which denied the petition, brought pursuant to CPLR article 78, to annul the determination of respondents, issued on or about October 27, 1988, granting petitioner ordinary disability retirement and denying him accidental disability retirement, unanimously affirmed, without costs.

The Board of Trustees of the New York City Police Pension Fund, by way of a 6 to 6 tie vote, approved an application by the Police Commissioner to retire petitioner on ordinary disability retirement for psychological reasons. The evidence in the record established that petitioner was placed on restricted duty and was directed to surrender his firearms. This action was taken in response to at least seven civilian complaints regarding his conduct since his appointment in 1981 and in light of complaints by his peers and superior officers which alleged petitioner was, *inter alia,* abrupt in his decision mak-

ing, unwilling to accept criticism and rigid in his enforcement activities. The incident leading to the removal of petitioner's firearms involved an interview with a superior officer wherein it was alleged petitioner verbally rambled and was on the verge of losing his self-control. Conflicting medical opinion concerning petitioner's mental fitness for police duty was submitted to the Medical Board by both parties. Dr. Gannon, a consultant psychiatrist for the Department, diagnosed petitioner as having a "paranoid personality" and as being emotionally unstable and impulsive. Dr. Archibald, a psychologist, found no formal thought disorder, but observed that petitioner externalized blame, was overly hostile and provocative with "clear paranoid features to his personality". While psychologists from the Department's Psychological Services subsequently noted an improvement in petitioner's psychological condition during the period he was assigned to less stressful restrictive duty, the same psychologists opined that petitioner's return to full duty could lead to problems in the future. Because the record thus provides sufficient credible evidence to support the Board of Trustees' determination to retire petitioner on ordinary disability for psychological reasons, it is neither arbitrary nor capricious (see, Matter of Paul v Board of Trustees of Police Pension Fund, 135 AD2d 411; Matter of Manza v Malcolm, 44 AD2d 794). There being a conflict in the medical evidence, it was solely within the province of the Medical Board and the Trustees to resolve such conflict (Matter of Manza v Malcolm, supra, at 795).

Similarly, credible evidence exists in the record to support the Trustees' determination to deny petitioner's applications for accidental disability retirement on orthopedic grounds. While a magnetic resonance imaging test conducted on petitioner's spine revealed the existence of "a small posterior disc herniation at c-5—c-6", there was also found to be "no focal abnormality of the spinal cord." The Medical Board examined petitioner and found no atrophy of muscle tissue. Indeed, the Medical Board noted that petitioner complained of tenderness in the lower cervical paraspinal muscle area and that he voluntarily restricted cervical range of motion during the examination. Yet, immediately prior to the examination, he was observed to unbutton and remove his shirt without apparent difficulty. Concur—Murphy, P. J., Sullivan, Carro, Wallach and Rubin, JJ.