■ In the Matter of JOHN M. BATTISTA, Respondent, v BOARD OF TRUSTEES OF NEW YORK STATE FIRE DEPARTMENT PENSION FUND et al., Appellants.—In a proceeding pursuant to CPLR article 78 to review a determination of the Board of Trustees of the New York State Fire Department Pension Fund dated December 19, 1989, which denied the petitioner's application for an accidental disability retirement, the appeal is from a judgment of the Supreme Court, Kings County (Hurowitz, J.), dated December 17, 1990, which vacated the determination and granted the petitioner's application.

Ordered that the judgment is affirmed, with costs.

In August 1979 approximately 15 months after he had sustained a gunshot wound to the chest, the petitioner became a member of the New York City Fire Department. Although he was diagnosed as having adhesions to his right diaphragm, he was nevertheless found to be qualified for the job in light of his "normal pulm[onary] function". However, starting in 1983 the petitioner became exhausted and complained of chest pains on various occasions while working. He was diagnosed as suffering from a lung condition and was advised to retire from the New York City Fire Department. Thereafter, the petitioner requested accidental disability retirement benefits. However, this request was denied when a vote by the members of the Board of Trustees of the New York State Fire Department (hereinafter the Board) resulted in a tie *(see, Matter of City of New York v Schoeck,* 294 NY 559). Thus, the petitioner was granted only ordinary disability benefits.

Contrary to the Board's contention, the court properly found that, as a matter of law, the petitioner was entitled to accidental disability benefits. Pursuant to the Administrative Code of the City of New York § 13-354, the petitioner had the benefit of a presumption that his disability was incurred in the performance of his duties. The conclusory finding of the Board that the disability was caused by the gunshot wound is lacking a factual basis and is insufficient to rebut the presumption *(see, Matter of Liston v City of New York,* 161 AD2d 491). Dr. David Prezant, an independent pulmonary expert to whom

the Board sent the petitioner, and Dr. Paul H. Mayo, the petitioner's doctor, both concluded that the petitioner's condition was unrelated to the gunshot injury *(see, Matter of Luciano v Huether,* 129 AD2d 974). The remaining evidence in the case was also insufficient to rebut the presumption that the petitioner's disability arose from the performance of his duties. Thompson, J. P., Bracken, Lawrence and Miller, JJ., concur.