■ ROBERT A. FOULKES, Appellant, v CITY OF NEW YORK, Respondent. [690 NYS2d 254] —Order, Supreme Court, New York County (Jane Solomon, J.), entered February 27, 1998, which granted defendant City's motion to dismiss plaintiff firefighter's complaint under General Municipal Law § 205-a for failure to state a cause of action, unanimously affirmed, without costs.

Plaintiff cannot and does not contend that his disabling lung condition, allegedly caused by prolonged exposure to diesel fumes at a firehouse, was the result of an "accident" within the meaning of General Municipal Law § 205-a, i.e., of a " ' "sudden, fortuitous mischance" ' " (*Martzloff v City of New York*, 238 AD2d 115, 118, *lv dismissed* 90 NY2d 935 [defining accident under General Municipal Law § 205-e]; *Desmond v City of New York*, 88 NY2d 455, 463 ["wherever practical and sensible, sections 205-a and 205-e should be construed and applied in the same way"]). Instead, plaintiff argues that the issue of whether his lung condition was the result of an accident was previously decided in his favor when he was granted an accidental disability pension, and that the City is collaterally estopped from asserting the contrary. We disagree. Under Administrative Code of the City of New York § 13-354, the "Lung Bill", plaintiff's application for an accidental disability pension enjoyed a presumption that his condition was accidental in origin (*cf., Uniformed Firefighters Assn. v Beekman*, 52 NY2d 463 [interpreting General Municipal Law § 207-k, the "heart bill"]; *see, Matter of Battista v Board of Trustees*, 188

AD2d 598, *lv denied* 82 NY2d 659). Since no such presumption exists under General Municipal Law § 205-a, it cannot be said that the issue in the pension proceeding was the same as that herein. Nor could the City have foreseen the possibility of litigation under General Municipal Law § 205-a at the time of the pension proceeding, which took place prior to the 1996 amendment to that statute expanding its scope to include line of duty injuries sustained "at any time or place" (§ 205-a [1]; *see, Schiavone v City of New York,* 92 NY2d 308, 315; *see also, Ryan v New York Tel. Co.,* 62 NY2d 494, 501). We would add that, as argued by the City but never reached by the IAS Court, the action should also be dismissed on the ground that plaintiff does not allege that his injuries were sustained during the discharge or performance of his duties, which remains a prerequisite to recovery under the 1996 amendment (*see,* L 1996, ch 703, § 3). Concur—Sullivan, J. P., Williams, Rubin, Andrias and Friedman, JJ.