In the Matter of BRYANT BARNES, Appellant, v BOARD OF TRUSTEES OF NEW YORK FIRE DEPARTMENT, SUB-CHAPTER II MEDICAL BOARD, et al., Respondents. [813 NYS2d 523]—

In a proceeding pursuant to CPLR article 78 to review a determination of the respondent Board of Trustees of the New York Fire Department, Sub-Chapter II Medical Board, dated June 4, 2003, which denied the petitioner's application for accident disability retirement benefits, the petitioner appeals from a judgment of the Supreme Court, Kings County (Rosenberg, J.), dated July 13, 2004, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

"Where, as here, the respondent Board of Trustees of New York City Fire Department [Sub-Chapter II Medical Board] denies an application for an accident disability pension by a tie vote, pursuant to *Matter of City of New York v Schoeck* (294 NY 559 [1945]), this Court may set aside that determination only if it can conclude as a matter of law that the petitioner's disability was a natural and proximate result of a service-related accident" (*Matter of Farley v Board of Trustees of N.Y. City Fire Dept., Art. 1-B Pension Fund,* 13 AD3d 531, 531 [2004]; *see Matter of Canfora v Board of Trustees of Police Pension Fund of Police Dept. of City of N.Y., Art. II,* 60 NY2d 347, 351 [1983]).

In view of the medical evidence presented, we cannot conclude, as a matter of law, that the petitioner's disability was a natural and proximate result of his service-related accident (*see Matter of Meyer v Board of Trustees of N.Y. City Fire Dept., Art. 1-B Pension Fund,* 90 NY2d 139, 145 [1997]; *Matter of Canfora v Board of Trustees of Police Pension Fund of Police Dept. of City of N.Y., Art. II, supra* at 351; *Matter of Farley v Board of Trustees of N.Y. City Fire Dept., Art. 1-B Pension Fund, supra*).

There is no competent evidence in the record that the petitioner submitted the materials which his attorney claims

were submitted. "Obviously, it cannot be said that [the] respondents failed to perform a duty enjoined upon them by law or were arbitrary and capricious in not considering medical evidence which was not submitted to them . . . Whether, as an original matter, [the] respondents can or should reopen the proceedings to consider . . . additional evidence, if [the] petitioner applies to them for such relief, is not a matter for judicial determination at the present stage" (*Matter of Rocco v Board of Trustees, Police Pension Fund, Art. II,* 98 AD2d 609, 610 [1983]).

The petitioner's remaining contentions are without merit. Florio, J.P., Santucci, Goldstein and Skelos, JJ., concur.