■ In the Matter of JACKIE KAHT FERNANDEZ, Appellant, v BOARD OF TRUSTEES OF THE NEW YORK FIRE DEPARTMENT PENSION FUND, SUBCHAPTER 2, et al., Respondents. [917 NYS2d 280]—

In a proceeding pursuant to CPLR article 78 to review a determination of the Board of Trustees of the New York City Fire Department Pension Fund, Subchapter 2, dated May 20, 2008, denying the petitioner's application for accidental death benefits, the petitioner appeals from a judgment of the Supreme Court, Kings County (Knipel, J.), dated April 15, 2009, which denied the petition and dismissed the proceeding.

Ordered that the judgment is reversed, on the law, with costs, the petition is reinstated, and the petition is granted to the extent of annulling the determination and remitting the matter to the New York City Fire Department Pension Fund Subchapter 2 Medical Board for further consideration and a new recommendation thereafter to the Board of Trustees of the New York City Fire Department Pension Fund, Subchapter 2, and thereafter a new determination by the Board of Trustees of the New York City Fire Department Pension Fund, Subchapter 2.

The petitioner's husband (hereinafter the decedent) was a New York City firefighter who participated in recovery and cleanup operations at the World Trade Center site in lower Manhattan following September 11, 2001. In July 2006 the decedent drowned in shallow water in the Atlantic Ocean while at a beach picnic with his family in Fort Lauderdale, Florida. An autopsy report prepared by a Broward County Medical Examiner indicated that the decedent had a heart condition, as well as abundant anthracosis in his lungs.

In March 2007 the petitioner applied to the Board of Trustees

of the New York City Fire Department Pension Fund, Subchapter 2 (hereinafter Board of Trustees), for accidental death benefits, alleging that the decedent died "from a qualifying World Trade Center condition," namely, a disease of the lower respiratory tract and, thus, was entitled to the presumption that he died as a natural and proximate result of an accident sustained in the performance of duty (Administrative Code of City of NY § 13-353.1 [3]; *see* Retirement and Social Security Law § 2 [36] [a], [c]). In support of her application, the petitioner submitted, inter alia, letters from a chemist and a biochemist regarding the likelihood that the damage to the decedent's lungs caused by his exposure to toxins at the World Trade Center site weakened his heart which, in turn, caused him to drown. The Board of Trustees referred the matter to the New York City Fire Department Pension Fund Subchapter 2 Medical Board (hereinafter the Medical Board), which recommended denying the application. The Medical Board explained only that it had reviewed the evidence submitted by the petitioner, found it "noteworthy that there is evidence that the member died from drowning," and that it "did not feel that the drowning appears to be secondary to the World Trade Center exposure."

The petitioner then submitted more evidence to the Board of Trustees, including an amended death certificate issued by the Broward County Medical Examiner, changing the cause of death from "Drowning" to "Drowning precipitated by prior heart condition," specifically "Coronary Artery Disease and Mitral Valve Prolapse." The petitioner also submitted a letter from a toxicologist, who opined that the pulmonary damage caused by the decedent's exposure to the toxins present at the World Trade Center site could, with reasonable certainty, have weakened the decedent's cardiovascular system, which, in turn, caused him to drown. The Board of Trustees remitted the matter to the Medical Board on two separate occasions to consider the additional evidence and, each time, the Medical Board issued a report stating only that it had reviewed the additional evidence and "unanimously agree[d] that our previous recommendation remained unchanged." The Board of Trustees thereafter denied the petitioner's application on the ground that there was insufficient evidence that the decedent's death was causally related to a qualifying World Trade Center condition, without providing any additional explanation.

The petitioner commenced this proceeding to review the determination of the Board of Trustees. The Supreme Court denied the petition and dismissed the proceeding, and the petitioner appeals. We reverse.

The Board of Trustees' determination to deny benefits is reviewed under the "arbitrary and capricious" standard which, in the context of accidental death and disability determinations, "has been construed to require some credible evidence" (*Matter of Borenstein v New York City Employees' Retirement Sys.*, 88 NY2d 756, 760 [1996] [internal quotation marks omitted]; *see Matter of Meyer v Board of Trustees of N.Y. City Fire Dept., Art. 1-B Pension Fund*, 90 NY2d 139, 147 [1997]). Courts have found an absence of the required quantum of credible evidence when the denial "was premised only on a summary conclusion of no causation and lacked any factual basis" (*Matter of Meyer v Board of Trustees of N.Y. City Fire Dept., Art. 1-B Pension Fund*, 90 NY2d at 147; *see Matter of Brady v City of New York*, 22 NY2d 601, 605-606 [1968]; *Matter of Bennett v Board of Trustees of Police Pension Fund of City of N.Y.*, 20 AD2d 522, 522-523 [1963], *affd* 16 NY2d 562 [1965]; *Matter of Battista v Board of Trustees of N.Y. State Fire Dept. Pension Fund*, 188 AD2d 598 [1992]). Conversely, courts have consistently upheld determinations that are supported by an "articulated, rational, and fact-based medical opinion" (*Matter of Meyer v Board of Trustees of N.Y. City Fire Dept., Art. 1-B Pension Fund*, 90 NY2d at 148; *see Matter of Christian v New York City Employees' Retirement Sys.*, 56 NY2d 841, 843 [1982]; *Matter of Simmons v Herkommer*, 98 AD2d 651, 651-652 [1983], *affd* 62 NY2d 711 [1984]). Although the Board of Trustees is entitled to rely on the report and recommendation of the Medical Board, the proceedings should disclose the reason for the denial, and the determination must be set forth in such manner as to permit adequate judicial review (*see Matter of Perrotta v Board of Trustees of N.Y. Fire Dept., Art. 1-B Pension Fund*, 232 AD2d 493 [1996]; *Matter of Curran v McGuire*, 87 AD2d 223, 226 [1982]; *Matter of Costello v Board of Trustees of Police Pension Fund, Art. II*, 63 AD2d 894 [1978]; *Matter of Perkins v Board of Trustees of N.Y. Fire Dept. Art. 1-B Pension Fund*, 59 AD2d 696, 697 [1977]).

Under the circumstances of this case, the explanation provided by the Medical Board was insufficient. The Medical Board's explanation that the drowning did not "appear[ ]" to be a consequence of exposure to toxins in the course of his work at the World Trade Center site did not address the evidence submitted by the petitioner regarding the likelihood that the decedent's exposure to toxins at the World Trade Center site caused his heart condition, which, in turn, caused him to drown. Accordingly, the judgment must be reversed, the petition must be reinstated, and the petition must be granted to the extent of annulling the determination and remitting the matter to the Medical Board for further consideration addressing this evi-

dence and, thereafter, a new recommendation to the Board of Trustees, followed by a new determination by the Board of Trustees. Mastro, J.P., Covello, Angiolillo and Lott, JJ., concur.