In the Matter of the Claim of CHARLES J. SEELER, Respondent, against OTIS ELEVATOR COMPANY et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.

Third Department, December 30, 1952.

*Charles P. Barre* for appellants.

*Nathaniel L. Goldstein, Attorney-General* (*John J. Quinn* and *Roy Wiedersum* of counsel), for Workmen's Compensation Board, respondent.

*Samuel Israel* for claimant-respondent.

FOSTER, P. J. Appeal by an employer and its insurance carrier from an award of compensation made by the Workmen's Compensation Board to an injured workman.

The issues involved are those of jurisdiction, *res judicata*, waiver and estoppel. The accident occurred August 7, 1944, on the U. S. S. *Bennington*, which was under construction in the Brooklyn Navy Yard. Claimant was employed as an elevator constructor's helper by the Otis Elevator Company. The employer was engaged in the installation of an elevator on the vessel, and while claimant was standing on an elevator platform, a cable supporting the same broke and claimant fell, receiving multiple injuries.

Originally the injured employee and the employer submitted to the jurisdiction of the Workmen's Compensation Board of this State. The employee filed a claim for compensation and the employer filed a prior report of injury with the board. Hearings were held before a referee although no testimony was taken, and claimant was unable to be present. At a hearing on the 24th of April, 1945, a representative of the carrier informed the referee that the vessel on which claimant worked was an " old boat ", meaning apparently that the work was a repair job on a boat temporarily withdrawn from navigation. Whereupon the referee disallowed the claim for lack of jurisdiction. Thereafter the carrier voluntarily made payments of compensation in the maximum amount allowed under the Federal Longshoremen's and Harbor Workers' Compensation Act. No hearings were held before the United States Employees' Compensation Commission and no award was made, but there were informal conferences held with representatives of the Federal body.

The statement made by the carrier's representative, in the absence of claimant, to the effect that the vessel in question was an " old boat " was erroneous. As a matter of fact it was a new boat, the construction of which was not completed until September 22, 1944.

After a lapse of six years, the case was reopened by the Workmen's Compensation Board and jurisdiction asserted. Finally the board made the award appealed from which gave credit for compensation paid under the Federal act.

On this appeal appellants lay great stress upon the date of the U. S. S. *Bennington's* commission. It is true that the vessel was commissioned on August 6, 1944, the day before the accident, and this may be some proof that it was navigable in a theoretical sense. But the board was not bound by a theory,

and could take into account the reality of the situation which was in truth that the vessel was not completed and ready for actual navigation until some weeks later.

The most that can be said for appellants is that, from a theoretical viewpoint, the claim comes within the twilight zone between State and Federal jurisdictions. There have been many cases involving this shadowy area but it would be fruitless to attempt to reconcile or distinguish them. The Supreme Court of the United States has been unable to provide any precise mechanistic formula (*Davis* v. *Department of Labor,* 317 U. S. 249, 252). Each case must be decided on its own peculiar facts.

There are two principles however, repeatedly approved, that afford considerable assistance. First, if the injured workman was not engaged in work so directly connected with navigation or commerce that the application of a local law would not interfere with the essential uniformity of the general maritime law the State may assume jurisdiction (*Millers' Underwriters* v. *Braud,* 270 U. S. 59; *Grant Smith-Porter Co.* v. *Rohde,* 257 U. S. 469; *Sultan Ry. Co.* v. *Dept. of Labor,* 277 U. S. 135). Second, in a doubtful case great weight will be given to the administrative factual findings made by the agency which first assumed formal jurisdiction (*Davis* v. *Department of Labor, supra*).

Applying the first principle the work in question was found by the Workmen's Compensation Board to be of local concern and not directly related to navigation or maritime commerce. The circumstances sustain these findings as facts, and under the second principle mentioned they should be accorded decisive weight. The Federal agency never assumed formal jurisdiction, held no hearings and made no findings. In fact its claims examiner, after being more fully informed as to the facts, ventured an opinion that the claim did not come under the Federal act.

Appellants' second point, that payment of the maximum amount of compensation under the Federal act constituted *res judicata,* waiver and estoppel, is without merit. If the Workmen's Compensation Board of this State had jurisdiction at all, waiver and estoppel could not be predicated against it by any acts of the employee, the employer or its insurance carrier. An employee cannot waive his rights under the New York statute, and he cannot be put in the position of having waived them by any acts of the employer or its insurance carrier. The doctrine of *res judicata* cannot be properly invoked because it does not appear that any adjudication was made by the Federal agency.

Payments were made on a purely voluntary basis. Moreover it would be manifestly unjust to apply such a doctrine in a case where jurisdiction was first denied by the State agency upon an erroneous statement of fact.

The award should be affirmed, with costs to the Workmen's Compensation Board.

BREWSTER, BERGAN and HALPERN, JJ., concur.

Award affirmed, with costs to the Workmen's Compensation Board.