■ In the Matter of the Claim of JOHN BRYCE, Respondent, v. TODD SHIPYARD et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by employer and its carrier from a schedule award of compensation made by the Workmen's Compensation Board for occupational loss of hearing. Claimant worked for appellant employer for 48 years. Prior to 1950 he was employed both in its shipyard proper and on ships undergoing repairs in New York harbor. His employment to that point had subjected him to periods of industrial noise. In that year he filed a claim for compensation under the Longshoremen's and Harbor Workers' Compensation Act in support of which he submitted the reports of two physicians, both of whom found causally related binaural loss of hearing of about 40%. The claim was rejected because of its untimely filing and the failure of claimant to notify the employer of the alleged injury as required by section 12 of the act (U. S. Code, tit. 33, § 912). Claimant continued in employment with no loss of time until October, 1958 when he retired. During the five years prior to his retirement he worked as a "snapper" in the employer's plate shop located on the shipyard premises in an environment of constant stridence. In 1959 he filed a claim with the Workmen's Compensation Board. The same physicians reported and testified that there had been no appreciable change in the range of his hearing loss during the intervening nine-year span. The board found that claimant sustained a 47% binaural loss of hearing as a result of his exposure to harmful noise while engaged in employment within its jurisdiction. There is no factual dispute. Appellants contend that claimant's disability was incurred before 1950 in the maritime phase of his employment. They argue that the medical evidence demonstrates casual relationship only during this period of employ and that the entertainment of the claim by the Federal agency constituted an assertion of Federal supremacy in the jurisdictional field and impliedly proscribed a recovery for disability under the State act. There is proof that until 1950 claimant's employment was related both to the shore and the navigable waters of the harbor. Thus the claim falls within the "twilight zone" rule. (*Davis* v. *Department of Labor*, 317 U. S. 249; *Matter of Schacht* v. *Nicolaisen*, 283 App. Div. 902, motion for leave to appeal denied 307 N. Y. 940; *Matter of Seeler* v. *Otis Elevator Co.*, 281 App. Div. 140, motion for leave to appeal denied 305 N. Y. 932; *Matter of Commissioners of Taxation* v. *Oceanic Serv. Corp.*, 276 App. Div. 725.) The Federal claim was rejected on procedural grounds and not on the merits. No implication such as is contended for here arises in these circumstances. (*Matter of Seeler* v. *Otis Elevator Co., supra.*) The board had jurisdiction of the claim and the award was properly made. Decision and award unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Bergan, P. J., Gibson, Herlihy, Reynolds and Taylor, JJ.