In the Matter of ANTHONY J. MESCHINO et al., Appellants, *v.* ROBERT O. LOWERY, as Fire Commissioner of the City of New York, et al., Respondents.

First Department, May 19, 1970.

256

*Murray A. Gordon* for appellants.

*Stanley Buchsbaum* of counsel (*J. Lee Rankin, Corporation Counsel,* attorney), for respondents.

EAGER, J. This appeal is from a judgment dismissing an article 78 proceeding brought to review the action of the Board of Trustees of the New York Fire Department Pension Fund in the matter of the retirement of the two petitioners as firemen employed in the Fire Department of the City of New York. The petitioners were retired on the ordinary disability basis (Administrative Code, § B19–7.88) and they contend that the Board of Trustees improperly failed to grant their respective applications for the accident disability retirement allowances provided for in section B19–7.89.

Article 1-B of title B of chapter 19 of the Administrative Code provides that the "Medical Board shall arrange for and shall pass upon all medical examinations required under the provisions of this article, shall investigate all essential statements and certifications by or on behalf of a member in connection with an application for disability retirement, and shall report to the board its conclusions and recommendations thereon." (§ B19–7.63.) The code further provides that if the "medical examination and investigation shows that such member is physically or mentally incapacitated for the performance of city-service as a natural and proximate result of an accidental injury received in such city-service while a mem-

ber, and that such disability was not the result of wilful negligence on the part of such member and that such member should be retired, *the medical board shall so certify to the board [of Trustees], stating the time, place and conditions of such city-service performed by such member resulting in such disability, and such board [of Trustees] shall retire such member for accident disability forthwith."* (§ B19–7.84; emphasis supplied.)

The three member article 1-B Medical Board, following investigation and examination of the petitioners in connection with their respective applications for retirement allowances for accident disability, diagnosed the disability of the petitioner Meschino as " post traumatic cervical radiculitis " and the disability of the petitioner O'Driscoll as " anxiety depression related to cerebral concussion." Thereupon, the Medical Board unanimously found that the respective disabilities of the petitioners arose from service-connected injuries and certified that their respective applications for accidental disability retirement should be approved.

Notwithstanding these certifications by the Medical Board, the respective applications of petitioners for accidental disability retirement allowances failed of passage by the Board of Trustees. There was a tie vote on the motions for approval of the applications and, as a result of the board's deadlock, the petitioners were retired on the ordinary disability basis. (See *Matter of City of New York* v. *Schoeck,* 294 N. Y. 559.)

The Corporation Counsel contends that, notwithstanding the mandatory nature of the Administrative Code provisions, the Board of Trustees was not bound by the recommendation of the 1-B Medical Board that the petitioners be retired for accidental disability. On the basis of precedent, he argues that the board has the ultimate responsibility to determine the cause of the disability and whether it was service-connected (citing *Matter of City of New York* v. *Schoeck, supra; Matter of Pilkington* v. *Cavanagh,* 12 N Y 2d 888; *Matter of Brady* v. *City of New York,* 22 N Y 2d 601; *Matter of Bennett* v. *Board of Trustees of Police Pension Fund of City of N. Y.,* 20 A D 2d 522, affd. without opn. 16 N Y 2d 562; *Matter of Conlon* v. *Murphy,* 24 A D 2d 737).

Although each of the cases cited may readily be distinguished from the instant cases in view of the circumstances here involved, they clearly furnish support for the position that the Board of Trustees does not act merely ministerially in granting or denying pension applications. The trustees are vested with general discretionary powers over the administration and transaction

of the business of the Fire Department 1-B Pension Fund and over " the control and disposition thereof " (§ B19–7.56). Incident to the general powers and duties conferred upon the Board of Trustees, the board necessarily possesses the discretionary power to take such action as may be reasonably necessary to protect and preserve the pension fund. Such power demands a proper measure of discretion in the matter of acting on pension applications. In each case, however, the power vested in the board must be exercised reasonably and the board may not unfairly and arbitrarily reject the conclusions of the 1-B Medical Board. Actually, the members of the Board of Trustees, as laymen, would ordinarily be expected to rely on the expertise of the Medical Board which is vested by law with the power to conduct the medical examination of an applicant and to investigate his alleged disability and the cause thereof. Certainly, members of the board would not be entitled to arbitrarily substitute their own ideas of causal connection for sound medical opinion.

It is noted that the proceedings before the Board of Trustees in connection with a retirement application " are ex parte and petitioner has no right to submit evidence or dispute any evidence submitted " (*Matter of Bennett* v. *Board of Police Pension Fund of City of N. Y.,* 20 A D 2d 522, 523, *supra*). Where, however, the Board of Trustees rejects the report and certification of the 1-B Medical Board as to the alleged disability of an applicant and the cause thereof, the trustees are bound to base their determination upon proper data and evidence. Furthermore, a determination of the Board of Trustees to reject a 1-B Medical Board report should indicate its predicate, and include a statement of its conclusion as to the nature and cause of an applicant's disability and as to whether causality was tied to the performance of his duties. (See *Matter of Bennett* v. *Board of Trustees of Police Pension Fund of City of N. Y., supra.*)

It may be generally stated that where an applicant establishes a prima facie right to discretionary relief at the hands of an administrative body, " the courts will not sanction an administrative denial which has neither offered the applicant an opportunity to present his case to the agency nor apprised the court of review with a basis for the finding against the applicant ". (*Matter of Punnett* v. *Evans,* 26 A D 2d 396, 399 and cases cited.) While a court may not set aside administrative action because it might have made a different determination were it empowered so to do, a court ought not to have to speculate

as to the basis for such action. Therefore, where a valuable right is involved, the general rule is that the proceedings of an administrative board should disclose the basis for the administrative denial in order that the court may determine whether the decision was reasonable or arbitrary. Otherwise, there would ordinarily be no protection against an arrogation by an administrative board of a power in excess of that which it possesses.

Here, the respondents, by way of justification of the failure of the trustees to act on the basis of the reports and certifications of the 1-B Medical Board, refer to the Fire Department's medical history of the two applicants. There had been medical examinations of the two applicants by a panel of Fire Department doctors and opinions rendered by a majority of the panel that there was a lack of causal connection between the alleged service-related injuries and the disabilities of the respective applicants. However, in each case, the 1-B Medical Board, as stated in its reports, reviewed and considered the medical history and record of each applicant and reported to the trustees a medical conclusion that there was proper causal connection. On presentation of the reports in each case, the Board of Trustees took no affirmative action. There was apparently no independent investigation and the board proceedings do not disclose the reasons for its failure to act upon the reports as directed by section B19–7.84. The proceedings fail to reveal why certain trustees, as laymen, rejected out of hand the expertise of the 1-B Medical Board. For all that appears in the proceedings of the Board of Trustees, the negative vote of one or more of the trustees, resulting in the deadlock in the board, may not have been an informed vote or may have been cast for what amounts to an unfair or improper reason.

Although we conclude that the record lacks proper bases for the failure of the Board of Trustees to grant the petitioners' applications for accidental disability allowances, this court may not assume the powers which are vested in the board. But, in these cases, the Board of Trustees should either accept the opinion and conclusions of the 1-B Medical Board and award the petitioners the retirement allowances provided by section B19–7.89, or, in the alternative, reopen their proceedings " to take whatever evidence would be necessary to reach a conclusion as to what the cause of [each] petitioner's disability is and whether that cause arose out of the performance of his duties ". (*Matter of Bennett* v. *Board of Trustees of Police Pension Fund of City of N. Y.*, 20 A D 2d 522, 523, *supra*. See, also,

260

*Matter of Brady* v. *City of New York,* 22 N Y 2d 601, *supra;
Matter of Crowley* v. *Thompson,* 42 Misc 2d 455.) Upon the alternative of a reopening of proceedings and the taking of evidence, the board, in addition to a statement of its conclusions, should show the bases therefor.

The judgment herein should be reversed and vacated, on the law, without costs and without disbursements, and the matter remanded to the respondent Board of Trustees of the New York Fire Department Pension Fund for further proceedings in accordance with this opinion.

STEVENS, P. J., CAPOZZOLI and McNALLY, JJ., concur.

Judgment unanimously reversed, on the law, without costs and without disbursements, the judgment is vacated and the matter remanded to respondent Board of Trustees of the New York Fire Department Pension Fund for further proceedings in accordance with the opinion of this court.