■ In the Matter of JOSEPH GIANNINO, Respondent, v MARTIN LANG, as Commissioner of Department of Water Resources, City of New York, et al., Appellants.—Order, Supreme Court, New York County, entered November 28, 1973, directing a trial as to whether (a) the findings of the Medical Board of the New York City Employee's Retirement System were supported by competent evidence and (b) the action of the board of trustees thereof, which adopted the recommendation of said medical board and denied petitioner's application for accident disability retirement, was arbitrary and capricious, unanimously modified, on the law, without costs and disbursements, to the extent of remanding the matter to respondents for further proceedings consistent herewith. Petitioner commenced employment with the City of New York on March 20, 1961. On March 10, 1971, while employed as a laborer in the Department of Water Resources, he was struck by the boom of a crane and received serious injuries to his back, requiring a year's hospitalization. His personal physician opined that petitioner was "physically or mentally incapacitated for the performance of duty and ought to be retired"; and petitioner applied for accident disability retirement. The medical board, after an apparently cursory examination, disagreed. Petitioner was then advised by the secretary of the retirement system, *inter alia,* that the medical board had certified that he was not "mentally or physically incapacitated for the performance of city-service as a natural and

proximate result of an accidental injury received in such city-service". In a postscript he was informed that he had until March 9, 1976, to apply for reconsideration and that "According to our records, you may be eligible to apply for Ordinary Disability Retirement." Petitioner promptly applied for reconsideration; but his second application met a similar fate even though additional medical reports in support thereof were submitted. On April 11, 1973, petitioner was advised by the secretary of the retirement system that the medical board had reaffirmed its prior decision and recommended denial of the application, with the same postscript added. In view of the fact that the record before us discloses no pre-existing condition or indication that the injury was other than service incurred, we are at a loss to understand how, in the opinion of the retirement board, this same injury would qualify petitioner for ordinary disability retirement but not for accident disability retirement. Accordingly, the matter is remitted for further clarification and consideration. Concur—Kupferman, J. P., Murphy, Capozzoli and Lane, JJ.