## (February 5, 1981)

In the Matter of JOHN T. O'HAGAN, Respondent, v BOARD OF TRUSTEES OF THE NEW YORK CITY FIRE DEPARTMENT PENSION FUND et al., Appellants. — Judgment, Supreme Court, New York County, entered November 29, 1978, granting petitioner's application for an accident disability pension, unanimously reversed, on the law, and matter remanded to the present board of trustees for further proceedings not inconsistent herewith, without costs and without disbursements. This appeal has been held in abeyance pending receipt of a report as to whether any of the trustees should be disqualified because they denied petitioner's application for reasons of bias or duress (72 AD2d 501). After an extensive hearing, Justice Gorman found that trustees Murphy, McGowan, Vizzini, Sforza, Reilly, Mancuso, McGarty, Martin, Golden and Jennings did not fairly consider the evidence; he further found that trustees Michael and Tishelman fairly considered the evidence. The respondents do not challenge the conclusions reached by Justice Gorman. Although petitioner contends that trustees Michael and Tishelman were also biased, there is no compelling proof submitted to disturb Justice Gorman's findings with reference to those two trustees. Accordingly, we adopt Justice Gorman's detailed report and disqualify the 10 trustees who were motivated by bias or acted under duress or both. Of the disqualified trustees, only Reilly, Sforza, Mancuso and Martin remain upon the present board. The trustees of the Fire Department 1-B Pension Fund have the ultimate power to decide whether a particular applicant is entitled to an accident disability pension. This court may not assume the power that is thus vested in the board (Administrative Code of City of NY, §§ B19-7.56, B19-7.84; *Matter of Meschino v Lowery,* 34 AD2d 255, 257-259). Therefore, this matter must be remanded to the newly constituted board of trustees for a fair consideration of petitioner's application. The four disqualified trust-

ees, remaining upon the board, will not participate in the vote upon this application. Since those trustees are not authorized to vote by reason of their disqualification, any action upon this application shall be by resolution of seven twelfths of the whole number of votes authorized to be cast by the remaining members of the board (Administrative Code, § B19-7.56, subd b). Concur — Murphy, P.J., Birns, Bloom, Markewich and Silverman, JJ.