■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HENRY WASHINGTON, Appellant. — Judgment, Supreme Court, New York County, rendered on December 1, 1978, and judgment of resentence of said court rendered on October 25, 1979, unanimously affirmed. No opinion. Concur — Kupferman, J. P., Sullivan, Lupiano, Lynch and Carro, JJ.

## (April 28, 1981)

■ In the Matter of FRANCIS X. DUESTER, Respondent, v ROBERT McGUIRE, as Police Commissioner of the City of New York, et al., Appellants. — Order and judgment, Supreme Court, New York County, entered January 7, 1980, directing that an accident disability retirement pension be granted to petitioner-respondent, unanimously reversed, on the law, without costs or disbursements, and the matter remanded to the Medical Board of the Police Pension Fund. (See *Matter of De Milia v McGuire,* 76 AD2d 1039, affd 52 NY2d 463; *Uniformed Firefighters Assn. Local 94, IAFF, AFL-CIO v Beekman,* 76 AD2d 1043, affd 52 NY2d 463.) Special Term erred when it granted the pension. This power resides in the board of trustees (Administrative Code of the City of New York, § B18-43.0). It may not be assumed by the court *(Matter of Meschino v Lowery,* 34 AD2d 255, 259) which must remand when there has been an arbitrary or capricious determination. Reconsideration by the medical board is necessary. It made no findings concerning the heart condition, prolapse of the mitral valve, for which the petitioner-respondent was being treated by his personal physician and which triggered the application for accident disability pension. Concur — Murphy, P. J., Kupferman, Sullivan, Markewich and Lynch, JJ.