■ In the Matter of JOHN T. O'HAGAN, Respondent, v BOARD OF TRUSTEES OF THE NEW YORK CITY FIRE DEPARTMENT PENSION FUND, ARTICLE 1-B, et al., Appellants. — Motion (1) insofar as it seeks leave to appeal to the Court of Appeals granted and the following question certified: "Was the order of this court, which reversed the order of the Supreme Court, properly made?"; (2) insofar as it seeks a stay, that branch is denied without prejudice to an application for a stay in the Court of Appeals; and (3) insofar as it seeks reargument and clarification, the motion is granted to the extent of recalling the order of this court entered on February 5, 1981 [80 AD2d 506] and the memorandum decision filed therewith, resettling the order and substituting a new memorandum decision reading as follows: Judgment, Supreme Court, New York County, entered November 29, 1978, granting petitioner's application for an accident disability pension, reversed, on the law, and matter remanded to the present board of trustees for further proceedings not inconsistent herewith, without costs and without disbursements. This appeal has been held in abeyance pending receipt of a report as to whether any of

the trustees should be disqualified because they denied petitioner's application for reasons of bias and/or duress (72 AD2d 501). After an extensive hearing, Justice Gorman found that trustees Murphy, McGowan, Vizzini, Sforza, Reilly, Mancuso, McGarty, Martin, Goldin and Jennings did not fairly consider the evidence; he further found that trustees Michael and Tishelman fairly considered the evidence. The respondents do not challenge the conclusions reached by Justice Gorman. Although petitioner contends that trustees Michael and Tishelman were also biased, there is no compelling proof submitted to disturb Justice Gorman's findings with reference to those two trustees. Accordingly, we adopt Justice Gorman's detailed report and disqualify the 10 trustees who were motivated by bias and/or acted under duress. Of the disqualified trustees, only Reilly, Sforza, Mancuso and Martin remain upon the present board. These four individuals are prohibited from voting in the future upon the petitioner's application. Comptroller Goldin is also disqualified from considering petitioner's application at any future date. At present, Goldin is represented on the present board by trustee O'Brien. While it might be hoped that O'Brien would fairly and independently consider the medical evidence, the practicalities of this situation would dictate otherwise. It is highly unlikely that O'Brien would vote in favor of the application after his superior has already voted against it. Therefore, trustee O'Brien, as Goldin's representative, must be barred from any further participation in this matter. Trustees Vukovich and Bollon testified on behalf of two former trustees at the hearing before Justice Gorman. Again, it is very questionable whether Vukovich and Bollon can objectively consider the proof at a new administrative hearing since they have already voiced support for those who had opposed petitioner's application. For this reason, these two trustees are also precluded from taking any further part in the consideration of petitioner's application. Even though certain members of the present board have been disqualified, the remaining trustees ·of the Fire Department 1-B Pension Fund have the ultimate power to decide whether a particular applicant is entitled to an accident disability pension. This court may not assume the power that is thus vested in the board. (Administrative Code of City of New York, §§ B19-7.56, B19-7.84; *Matter of Meschino v Lowery,* 34 AD2d 255, 257-259.) Therefore, this matter must be remanded to the remaining members of the newly constituted board of trustees for a fair consideration of petitioner's application. The seven disqualified trustees will not participate in the vote upon this application. Since those trustees are not authorized to vote by reason of their disqualification, any action upon this application shall be by resolution of seven twelfths of the whole number of votes authorized to be cast by the remaining members of the board (Administrative Code, § B19-7.56, subd b). We do not now pass on the question whether, for purposes of section B19-7.84 of the Administrative Code, "accident disability" or "accidental injury" may be caused by the cumulative effect of repeated exposure to loud noises encountered in the line of duty. Whatever may be the resolution of this question, petitioner is entitled to have his case presented and determined by an unprejudiced and impartial board of trustees. In the circumstances, any statement by us as to this matter would be dictum, which, in view of the division of the members of the court on that question, would, in any event, not be binding on a future panel. Concur — Birns, Bloom and Silverman, JJ.

Murphy, P.J., and Markewich, J., dissent in part in a memorandum by Murphy, P.J., as follows. The majority has failed to reach the critical issue of whether "accidental injury" may be caused by the cumulative effect of repeated exposure to loud noises encountered in the line of duty. In view of

the majority's failure to reach this most important issue, a distinct possibility remains that the Court of Appeals will choose not to address that issue upon appeal. In view of the already lengthy history of this litigation, the answer to that primary question as to causation should not be postponed any further. For the record, we in the dissent find that "accident disability" may be caused by repeated exposure to loud noises. *(Matter of Schussler,* NYLJ, April 21, 1978, p 5, col 2; cf. *Matter of Mosely v Crucible Steel Co.,* 42 AD2d 653; cf. *Matter of Bryce v Todd Shipyard,* 17 AD2d 666.) In so finding, we do not pass upon the evidence in this proceeding since we join the majority in remanding this matter to the board for a determination as to whether or not petitioner's disability was accidently caused. Resettled order signed and filed.