■ In the Matter of WILLIAM AHRENDT, Appellant, v ROBERT McGUIRE, as Police Commissioner of the City of New York, et al., Respondents. — Judgment, Supreme Court, New York County (Ascione, J.), entered March 17, 1980, denying petitioner's application for an accident disability pension, unanimously reversed, on the law, and matter remanded for further proceedings consistent herewith, without costs. Petitioner Ahrendt, a police officer, was injured during a riot on July 16, 1977. He was taken that same day to Long Island College Hospital. The immediate diagnosis in the hospital record was "contusion of abdominal wall". The petitioner was discharged from the hospital but he never returned to work. In a report dated December 5, 1978,

the medical board found him "unfit for duty by reason of low back pain". It was recommended that the police commissioner only approve ordinary disability retirement since the hospital record did not show this injury to be service connected. On June 27, 1979, the board of trustees determined that petitioner should be retired on ordinary disability. Both the medical board and the board of trustees (the respondents) took a very simplistic approach to the evidence presented to them on the issue of causation. They reasoned that petitioner did not receive a service-connected injury to his back in the riot of July 16, 1977 simply because the hospital record of that same date was silent on that point. In an emergency situation, it is highly doubtful whether the petitioner accurately gave and the hospital personnel accurately recorded all of petitioner's symptoms, injuries and complaints. Furthermore, it is very possible that the back injury was latent or not immediately distinguishable from the abdominal injury or both. The respondents should not have treated the initial diagnosis as if it were chiseled in stone. Rather, respondents should have independently explored the real possibility that the abdominal injury extended to and encompassed the lower back region. It should also be stressed that the evidence before the respondents included a report, dated July 16, 1977, from the Brooklyn South duty captain. This report states, *inter alia,* that the petitioner "received injuries in the stomach and area of the back". There is no indication in this record that the respondents specifically considered this report and rejected the portion alluding to the petitioner's back injury. The respondents should explicitly pass upon the evidentiary significance of this report. There is no evidence in this record to show that the petitioner had lost any time prior to the occurrence because of back problems. In the absence of such a pre-existing condition, the respondents' conclusion that the back injury was not service connected is not reasonably supported by any fair view of the evidence. For that reason, the determination should be reversed, as arbitrary and capricious, and the matter remanded for further proceedings consistent herewith. *(Matter of Giannino v Lang,* 52 AD2d 539.) In particular, the respondents should consider all the evidence bearing upon causation. They should not feel unduly constrained in their approach to this case by a preliminary diagnosis made in an emergency room. Moreover, respondents should consider whether petitioner had a pre-existing back injury that had previously caused him to be placed on sick report. Petitioner's own brief hints at such a possibility but the record is totally devoid of any evidence on that point. Concur — Murphy, P. J., Birns, Ross and Markewich, JJ.