■ In the Matter of THOMAS F. PERKINS, Respondent, v BOARD OF TRUSTEES OF THE NEW YORK FIRE DEPARTMENT ARTICLE 1-B PENSION FUND et al., Appellants. — Judgment of the Supreme Court, New York County (Kirschenbaum, J.) entered March 16, 1981, awarding petitioner a service-connected disability pension retroactive to November 22, 1975, unanimously reversed, on the law, without costs, to the extent only of remanding the proceeding to the Board of Trustees of the New York City Fire Department for further proceedings not inconsistent with this opinion. This matter having previously been through the process of appellate review (see 59 AD2d 696) and remanded for reconsideration, is now before us again with respect to the finding of Special Term that the record could not have supported the determination awarding only ordinary disability. Such finding, however, should have resulted in an order directing reconsideration by the board of trustees. The board has the ultimate authority to decide whether the petitioner is entitled to a service-connected accident disability pension or to an ordinary disability pension (*Matter of Duester v McGuire,* 81 AD2d 553), and the court may not assume the power vested in the board of trustees. (*Matter of Meschino v Lowery,* 34 AD2d 255, 259; *Matter of Centauro v Board of Trustees of N. Y. Fire Dept. Art. 1-B Pension Fund,* 55 AD2d 546.) Their finding must be supported by the existence of credible evidence, and not be arbitrary. (Cf. *Matter of Giannino v Lang,* 52 AD2d 539.) The board need not determine a specific cause of the disability, only whether it is a result of a service-related accident or not. (*Matter of Belnavis v Board of Trustees of N. Y. City Fire Dept. Art. 1B Pension System,* 84 AD2d 244; *Matter of Brady v City of New York,* 22 NY2d 601.) Concur — Kupferman, J. P., Birns, Sandler and Fein, JJ.