■ In the Matter of ROBERT D. JONES, Respondent, v BOARD OF TRUSTEES OF THE NEW YORK FIRE DEPARTMENT ARTICLE 1-B PENSION FUND et al., Appellants.—In a proceeding pursuant to CPLR article 78 to review a determination of the respondent Board of Trustees of the New York Fire Department Article 1-B Pension Fund, dated July 17, 1984, which denied the petitioner accident disability retirement benefits and awarded him ordinary disability retirement benefits, the appeal is from a judgment of the Supreme Court, Kings County (Jordan, J.), dated June 4, 1985, which granted the petition, annulled the determination, and directed that the respondents award the petitioner accident disability retirement benefits retroactive to the date of his service-connected injury.

Judgment affirmed, with costs, and matter remitted to the respondent Board of Trustees for a determination of the petitioner's accident disability retirement benefits.

The petitioner sustained a non-service-connected injury to his left knee as a result of an altercation with a fellow firefighter on October 11, 1981. He was later examined on this

date by Dr. Ossias of the Fire Department Medical Division, who reported "negative findings". He returned to full-duty status on October 16, 1981. On August 4, 1982, the petitioner sustained a service-connected injury to his left knee, and was placed on continued medical leave. He underwent arthroscopic surgery on the knee on November 10, 1982, but was subsequently unable to return to full duty. On May 3, 1983, the Article 1-B Medical Board unanimously found the petitioner unfit to return to full duty.

The petitioner subsequently applied for a service-connected disability retirement, alleging that his disability resulted from the injury incurred on August 4, 1982. The Medical Board, on June 7, 1984, recommended that the application be denied. The panel found, on the basis of the records submitted, that the incident of August 4, 1982 "was of a relatively minor nature and is not a competent cause of his present subsequent problems with his knee". The respondent Board of Trustees subsequently determined, as a consequence of a tie vote, to grant the petitioner ordinary retirement disability benefits pursuant to *Matter of City of New York v Schoeck* (294 NY 559). The Board later denied the petitioner's request to reconsider his application.

The petitioner commenced the instant proceeding for a judgment vacating the Board's determination and directing that the respondents award him accident disability benefits retroactive to the date of his service-connected injury. Special Term found that the record incontrovertibly established a causal link between the incident and the disability to his left knee and concluded that the petitioner was therefore entitled to accidental disability benefits as a matter of law.

The respondents contend on appeal that Special Term erred (1) in finding, as a matter of law, that the petitioner's disability was the natural and proximate result of a service-related accident (Administrative Code of the City of New York § B19-7.84), and (2) in directing the Board to award the petitioner an accidental disability pension. We disagree. The court may set aside a denial of accident benefits predicated on a tie vote when it concludes that the applicant is entitled thereto as a matter of law *(Matter of Canfora v Board of Trustees, 60 NY2d 347, 352)*. Administrative Code § B19-7.84 provides that the Board shall retire an applicant on accident disability if medical examination and investigation indicate that he is physically or mentally incapacitated for the performance of city service as the natural and proximate cause of a service-related accident. In order for the service-related accident to be

considered the natural and proximate cause of the applicant's disability, the accident must have either precipitated the development of a latent condition or aggravated a preexisting condition *(Matter of Tobin v Steisel,* 64 NY2d 254, 259). Here, each of the three examining physicians who expressed a medical opinion as to the connection between the accident and the disability concluded that a causal relationship existed. Additionally, while the petitioner lost only five days of work due to the initial injury to his knee and subsequently returned to full duty for 10 months, he was unable to return to work after his service-connected injury. These medical records constituted the only competent evidence before the Board on the issue of causation. We therefore concur with the finding of Special Term that no question of fact existed with respect to this issue. Furthermore, although we recognize that the Board of Trustees typically has the sole and ultimate power to decide whether an applicant is entitled to an accident disability pension or an ordinary pension *(see, e.g., Matter of Perkins v Board of Trustees* 86 AD2d 808; *Matter of Duester v McGuire,* 81 AD2d 553; *Matter of Meschino v Lowery,* 34 AD2d 255, 259), we nevertheless find implicit in the standard articulated in *Matter of Canfora (supra),* judicial authority to direct the Board to award accident disability retirement benefits upon a finding that the applicant is entitled thereto as a matter of law. We therefore remit the matter to the Board for the limited purpose of determining the petitioner's accident disability benefits *(see, Matter of McCambridge v McGuire,* 62 NY2d 563, 568). Lazer, J. P., Mangano, Lawrence and Kooper, JJ., concur.