In the Matter of MARIANO CALTABIANO, Petitioner, v NEW YORK STATE EMPLOYEES' RETIREMENT SYSTEM, Respondent.

Third Department, January 28, 1988

APPEARANCES OF COUNSEL

*Binder & Binder (Charles E. Binder* of counsel), for petitioner.

*Robert Abrams, Attorney-General (Frank K. Walsh* and *William J. Kogan* of counsel), for respondent.

## OPINION OF THE COURT

MAHONEY, P. J.

Petitioner had been employed as a court officer for the Nassau County District Court since April 1968 when, on November 25, 1981, he was attacked by a prisoner. Petitioner was taken to the hospital complaining of pain in his hands, back, neck, chest and head. He returned to work that day, but left work early and has not been able to return to work. Petitioner's application for ordinary disability retirement benefits was initially denied and he requested a hearing. Petitioner then applied for accidental disability retirement benefits and that application was denied. Petitioner also requested a hearing on this denial, and one consolidated hearing was held. Ultimately, the Comptroller determined that petitioner was entitled to ordinary disability retirement but not accidental disability retirement. Petitioner commenced a CPLR article 78 proceeding challenging the decision denying him accidental disability retirement benefits, and the proceeding has been transferred to this court for disposition.

At the hearing, two physicians testified on behalf of petitioner that petitioner was permanently disabled; a third physician testified on behalf of respondent that he was not. The Comptroller credited petitioner's witnesses on this issue. However, the proof as to causation was not as clear. One physician testified that, if the history given by petitioner was correct, his condition was "consistent" with being caused by the November 25, 1981 incident. Another physician testified, in somewhat conclusory fashion, that the incident of November 25, 1981 was the proximate cause of petitioner's disability. The Comptroller is vested with exclusive authority to determine applications for retirement benefits and his evaluation of conflicting medical testimony must be accepted if there is substantial evidence in the record to support the determination *(Matter of Thomas v Regan,* 125 AD2d 125, 126). The burden was on petitioner to establish that his disability was causally related to the November 25, 1981 incident *(see, Matter of DiFede v Regan,* 130 AD2d 832, 833).

In this case, petitioner offered the direct testimony of two physicians who testified that, based on petitioner's medical records and/or the history petitioner gave, the November 25, 1981 incident was the proximate cause of petitioner's disability. Respondent offered no proof whatsoever on this issue, nor did it cross-examine petitioner's witnesses on this issue. There was no evidence offered as to any other possible causes. Certainly, the Comptroller has the authority to pass on the credibility of witnesses and may reject portions of their testimony (see, Matter of DiMaria v Ross, 52 NY2d 771, 772). However, his decision must still be supported by substantial evidence in the record, which would include evidentiary facts and inferences which could fairly be drawn therefrom (supra, at 772). Here, if the testimony of the two physicians regarding causation is rejected, there is no evidence or inferences to be drawn therefrom left in the record to support the Comptroller's determination that the November 25, 1981 incident was not the proximate cause of petitioner's disability. Thus, it is apparent that the Comptroller's decision is not supported by substantial evidence. Courts have reached the same conclusion in similar cases involving the New York City Employees' Retirement System (see, Matter of Giannino v Lang, 52 AD2d 539; cf., Matter of Ahrendt v McGuire, 82 AD2d 787; Matter of Whalen v Monaghan, 285 App Div 884, affd 309 NY 929). In Matter of Sheehan v Regan (84 AD2d 604) and Matter of Schack v Levitt (65 AD2d 881), cases where we confirmed the Comptroller's findings of no causation in the face of medical testimony to the contrary, there was direct evidence in the record to support the Comptroller's finding, or evidentiary facts from which inferences supportive of such finding could fairly have been drawn. Here, there was no such evidence in the record.

Respondent stresses the fact that petitioner has the burden of proving causation. Burden of proof is not a rule of substantive law which is designed to relieve a party from presenting any proof on an issue. Rather, it is a procedural tool which is composed of a burden of going forward with evidence and a burden of persuasion (see generally, Fisch, New York Evidence §§ 1086-1089, at 609-612 [2d ed]). A party with the burden of going forward with evidence on an issue satisfies that burden of introducing evidence in admissible form which, if believed, would prove the issue. The burden of persuasion becomes relevant after all of the evidence has been presented. The trier of fact weighs the quality of evidence on an issue,

keeping in mind which party has the burden of persuasion with respect to that issue. The party with the burden of persuasion bears the risk of nonpersuasion of the trier of fact (*see,* 9 Wigmore, Evidence §§ 2485-2486, at 283-292 [Chadbourn rev]). Here, by introducing testimony of two physicians on causation, petitioner satisfied his burden of going forward with evidence regarding this issue. Respondent was then free to offer evidence on this issue. However, respondent offered no proof, nor did it cross-examine the physicians or petitioner either *to negate the proof of causation or to elicit any facts* from which an inference of a lack of causation could be inferred. Further, there is nothing to indicate that respondent could not have attempted to offer proof on this issue. Thus, regarding the burden of persuasion, petitioner offered his own testimony and the uncontradicted testimony of two physicians; respondent offered nothing. The fact that one party is assigned the burden of persuasion does not shield the decision of the trier of fact from review. In cases involving judicial review of an administrative agency's quasi-judicial determination, regardless of which party has the burden of persuasion, the agency's decision must be supported by substantial evidence. Here, since the Comptroller's finding that the November 25, 1981 incident was not the proximate cause of petitioner's disability is not supported by substantial evidence, his decision must be set aside.

WEISS, YESAWICH, JR., and HARVEY, JJ., concur.

Determination annulled, with costs, petition granted, and matter remitted to respondent for further proceedings not inconsistent with this court's decision.