■ In the Matter of RAYMOND J. BRIDGWOOD, Respondent, v BOARD OF TRUSTEES OF THE NEW YORK CITY FIRE DEPARTMENT, ARTICLE 1-B PENSION FUND, et al., Appellants. [612 NYS2d 621] — In a proceeding pursuant to CPLR article 78 to review a determination of the Board of Trustees of the New York City Fire Department, Article 1-B Pension Fund, dated July 2, 1991, denying the petitioner's application for an accident disability pension and retiring him on ordinary disability, the Board of Trustees appeals from a judgment of the Supreme Court, Kings County (Greenstein, J.), entered May 4, 1992, which granted the petition, annulled the determination, and directed that the appellant award the petitioner accident disability retirement benefits retroactive to the date of his ordinary disability retirement.

Ordered that the judgment is affirmed, with costs, and the matter is remitted to the respondent Board of Trustees of the New York City Fire Department for a determination of the petitioner's accident disability retirement benefits.

The petitioner sustained a service-connected injury to his neck when he was struck on his helmet by a section of ductwork, while fighting a fire on February 14, 1981. He returned to full-duty status after taking four days of medical leave, and on September 16, 1981, sustained a service-connected injury to his head, neck, and shoulder, when he stepped in animal feces while dismounting from firefighting apparatus and slipped and fell backwards against the apparatus. After taking 146 days of medical leave, he returned to light duty in February 1982 and was thereafter unable to return to full duty.

The petitioner subsequently applied for service-connected accident disability retirement benefits, and the appellant Board of Trustees determined, as a consequence of a tie vote, to grant the petitioner ordinary retirement disability benefits (see, Matter of City of New York v Schoeck, 294 NY 559). After the petitioner commenced this proceeding, the Supreme Court remitted the matter to the respondents for reconsideration of the determination, and, on July 2, 1991, the determination denying the petitioner accidental disability payments was reaffirmed. The Supreme Court thereafter determined that the petitioner was entitled to an accident disability retirement as a matter of law.

The Board of Trustees contends on appeal that the Supreme Court erred (1) in finding, as matter of law, that the petitioner's disability was the natural and proximate result of a

service-related accident, and (2) in directing the Board to award the petitioner an accident disability pension. We disagree. The court may set aside a denial of accident benefits when it concludes that the applicant is entitled to those benefits as a matter of law *(see, Matter of Canfora v Board of Trustees,* 60 NY2d 347, 352; *see also, Matter of Jones v Board of Trustees,* 123 AD2d 628). Here, each of the examining physicians who expressed a medical opinion as to the connection between the accidents and the disability concluded that a causal relationship existed. In addition, while the petitioner lost only four days of work due to the initial service-connected accident and subsequently returned to full duty for approximately seven months, he was unable to return to full duty after the second service-connected accident. These medical records constituted the only competent evidence before the Board of Trustees on the issue of causation. We therefore concur with the finding of the Supreme Court that no question of fact existed with respect to this issue *(see, Matter of Jones v Board of Trustees,* 123 AD2d 628, *supra).* Bracken, J. P., O'Brien, Santucci and Joy, JJ., concur.