■ In the Matter of CHARLES J. POMILLA, Respondent, v BOARD OF TRUSTEES OF THE NEW YORK CITY FIRE DEPARTMENT, ARTICLE 1-B PENSION FUND et al., Appellants. [642 NYS2d 971] —In a proceeding pursuant to CPLR article 78 to review a determination of the Board of Trustees of the New York City Fire Department, Article 1-B Pension Fund, dated April 12, 1991, which, after a hearing, denied the petitioner's application for an accident disability pension and retired him on ordinary disability, the appeal is from a judgment of the Supreme Court, Kings County (Dowd, J.), entered August 10, 1994, which granted the petition, annulled the determination, and directed that the petitioner be awarded accident disability retirement benefits retroactive to the date of his ordinary disability retirement.

Ordered that the judgment is affirmed, with costs.

When there is a tie vote of the Board of Trustees of the New York City Fire Department in determining whether accident disability retirement is appropriate, the Board of Trustees must retire the applicant on an ordinary disability pension (*see, Matter of City of New York v Schoeck*, 294 NY 559), and the Board's decision can be set aside on judicial review only if it can be determined as a matter of law that the disability was a natural and proximate result of a service-related accident (*see, Matter of Canfora v Board of Trustees*, 60 NY2d 347; *Matter of Flynn v Board of Trustees*, 201 AD2d 730; *Matter of Causarano v Board of Trustees*, 178 AD2d 474). The petitioner

has the burden of establishing, as a matter of law, that a causal relationship exists between the service-related accident and the claimed disability (*see, Matter of Nicolosi v Board of Trustees,* 198 AD2d 282; *Matter of Draves v Board of Trustees,* 203 AD2d 568, 569). A service-related accident is considered the natural and proximate cause of the petitioner's disability if the accident either precipitated the development of a latent condition or aggravated a preexisting condition (*see, Matter of Tobin v Steisel,* 64 NY2d 254).

Here, each of the examining physicians who expressed a medical opinion as to the connection between the accident and the subsequent disability concluded that a causal relationship existed. Moreover, the petitioner was unable to return to work after his line-of-duty injury. We therefore agree with the finding of the Supreme Court that no question of fact existed with respect to this issue (*see, Matter of Bridgwood v Board of Trustees,* 204 AD2d 629; *Matter of Jones v Board of Trustees,* 123 AD2d 628). Bracken, J. P., O'Brien, Joy and Florio, JJ., concur.