■ In the Matter of GEORGE W. HACKER, Respondent, v BOARD OF TRUSTEES OF NEW YORK CITY FIRE DEPARTMENT, ARTICLE 1-B PENSION FUND, et al., Appellants. [644 NYS2d 747]

It is well settled that when there is a tie vote of the Board of Trustees of the New York City Fire Department in determining whether accident disability retirement is appropriate, the Board of Trustees must retire the applicant on an ordinary disability pension *(see, Matter of City of New York v Schoeck,* 294 NY 559), and the Board's decision can be set aside on judicial review only if it can be determined as a matter of law on the record that the disability was a natural and proximate result of a service-related accident *(see, Matter of Canfora v Board of Trustees,* 60 NY2d 347; *Matter of Flynn v Board of Trustees,* 201 AD2d 730; *Matter of Causarano v Board of Trustees,* 178 AD2d 474). The petitioner has the burden of establishing, as a matter of law, that a causal relationship exists between the service-related accident and the claimed disability *(see, Matter of Nicolosi v Board of Trustees,* 198 AD2d 282; *Matter of Draves v Board of Trustees,* 203 AD2d 568, 569). A service-related accident is considered the natural and proximate cause of the petitioner's disability if the accident either precipitated the development of a latent condition or aggravated a preexisting condition *(see, Matter of Tobin v Steisel,* 64 NY2d 254, 259). It is only when circumstances admit but one inference that the court may decide as a matter of law what inference should be drawn *(see, Matter of Radigan v O'Connell,* 304 NY 396, 397; *Matter of Flynn v Board of Trustees, supra,* at 730). However, in determining the question of causal relation, the Medical Board's findings must be supported by some credible evidence *(see, Matter of Drayson v Board of Trustees,* 37 AD2d 378, *affd* 32 NY2d 852).

Here, the only examining physician who expressed an opinion as to the connection between the accident of August 19, 1992, and the subsequent disability concluded that a causal relationship existed. The physician also found that the petitioner was unable to return to full fire duty after the line-of-duty accident. Moreover, the petitioner's disability was classified by the Medical Division of the Fire Department as per-

manent and partial. These medical records constituted the only competent evidence before the Board of Trustees on the issue of causation. We therefore concur with the finding of the Supreme Court that no question of fact existed with respect to this issue *(see, Matter of Bridgwood v Board of Trustees,* 204 AD2d 629; *Matter of Jones v Board of Trustees,* 123 AD2d 628). Rosenblatt, J. P., Thompson, Pizzuto and Hart, JJ., concur.