■ In the Matter of ROBERT G. MEYER, Appellant, v BOARD OF TRUSTEES OF THE NEW YORK CITY FIRE DEPARTMENT, ARTICLE 1-B PENSION FUND, et al., Respondents. [647 NYS2d 266] —In a proceeding pursuant to CPLR article 78 to review a determination of the Board of Trustees of the New York City Fire Department, Article 1-B Pension Fund dated August 4, 1994, which denied the petitioner's application for an accident disability pension, the petitioner appeals from a judgment of the Supreme Court, Kings County (Vinik, J.), dated March 16, 1995, which denied the petition and dismissed the proceeding.

Ordered that the judgment is reversed, on the law, with costs, the petition is granted, the determination is annulled, the application for accident disability retirement is granted, and the

matter is remitted to the Board of Trustees of the New York City Fire Department, Article 1-B Pension Fund for a determination of the petitioner's accident disability retirement benefits.

Where the Board of Trustees of the New York City Fire Department, Article 1-B Pension Fund (hereinafter the Board of Trustees) is unable to resolve the issue of causation, resulting in a tie vote, ordinary disability retirement is mandated (*see, Matter of City of New York v Schoeck,* 294 NY 559). Upon judicial review, the court may set aside a denial of accidental disability retirement resulting from a tie vote of the Board of Trustees only when the court concludes that as a matter of law on the record, the disability was the natural and proximate result of a service-related accident (*see, Matter of Mescall v Board of Trustees,* 204 AD2d 643, 644; *Matter of Hodges v Board of Trustees,* 203 AD2d 365). Only where the circumstances allow but one inference may the court decide as a matter of law what inference should be drawn (*see, Matter of Hodges v Board of Trustees, supra*).

An accident which produces injury by precipitating the development of a latent condition or by aggravating a preexisting condition is a cause of that injury (*see, Matter of Tobin v Steisel,* 64 NY2d 254, 259; *Matter of Jones v Board of Trustees,* 123 AD2d 628, 629-630). Although the Medical Board concluded in this case that the petitioner's preexisting degenerative disc disease was not aggravated by a service-related accident on August 5, 1992, all of the examining physicians who expressed opinions on the issue of causation concluded that a causal relationship existed. Because the remaining physicians also diagnosed the petitioner as suffering from degenerative disc disease, but did not express an opinion on the issue of causation, there was no conflict in the evidence and no question of fact as to causation (*see, Matter of Sorrenti v New York City Fire Dept.,* 228 AD2d 509; *Matter of Bridgwood v Board of Trustees,* 204 AD2d 629, 630; *Matter of Jones v Board of Trustees, supra*). Moreover, it is undisputed that the petitioner was unable to return to full fire duty after the accident in question. Under the circumstances, the only reasonable inference is that the accident of August 5, 1992, aggravated the petitioner's preexisting condition to the point where it became disabling. Rosenblatt, J. P., Ritter, Copertino and Pizzuto, JJ., concur.