■ In the Matter of ROY P. JETTER, Petitioner, v H. CARL McCALL, as New York State Comptroller, et al., Respondents.
[732 NYS2d 283] —Crew III, J. P. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Comptroller which denied petitioner's application for State Police in-service disability retirement benefits.

Petitioner, a State Police investigator, injured his back in October 1992 while lifting a briefcase from the trunk of his assigned vehicle, and his subsequent application for disability retirement benefits ultimately was approved in March 1998. In January 1999, petitioner discovered that he had been awarded benefits under Retirement and Social Security Law § 363-b (b) (2) (b), as opposed to the "in-service" benefits awarded under

Retirement and Social Security Law § 363-b (b) (2) (a); benefits awarded under the latter provision apparently are accorded more favorable Federal tax treatment. As a result, petitioner sought and obtained a hearing to determine his entitlement to in-service benefits. Respondent Comptroller subsequently determined that although petitioner's disability indeed was casually related to the October 1992 incident, such incident did not occur while petitioner was in service and, hence, petitioner was not entitled to in-service benefits. This proceeding to challenge that determination ensued.

Initially, we reject petitioner's contention that he was denied sufficient opportunity to present proof on the issue of whether the disability he sustained occurred while he was in service. Whatever confusion may have existed among the respective attorneys and the Hearing Officer regarding the scope of the underlying hearing, the record makes clear that petitioner sought a hearing to determine his eligibility to receive benefits under Retirement and Social Security Law § 363-b (b) (2) (a) which, in turn, required petitioner to establish that he sustained an in-service disability. To the extent that petitioner's counsel elected to object to respondents' interjection of the in-service issue instead of offering proof thereon, that tactical decision does not entitle petitioner to a new hearing.

We are, however, persuaded that the underlying determination is not supported by substantial evidence. The only evidence presented on the in-service issue came from petitioner's application for benefits, wherein the then Superintendent of the State Police indicated that petitioner's injury was sustained while petitioner was "on-duty," and from petitioner's hearing testimony. When asked on cross-examination whether he had started work prior to the time of the incident, petitioner replied, "With the police department and the use of the [government] vehicle[ ], you are on duty when you leave your house and begin to drive." When questioned further regarding whether he possessed "all of the accouterments" of his position, i.e., his shield, weapon and/or uniform, at the time he was injured, petitioner testified that he was assigned to a nonuniform position and that he traveled with his weapon.

Although the Comptroller certainly was free to reject any or all of petitioner's testimony on this point, his determination "must still be supported by substantial evidence in the record, which would include evidentiary facts and inferences which could fairly be drawn therefrom" (*Matter of Caltabiano v New York State Employees' Retirement Sys.*, 135 AD2d 113, 115), a rule that is applicable regardless of which party bears the

burden of proof (*see, id.,* at 116). Noticeably absent from the record before us is any evidence regarding petitioner's regular work schedule or assigned duties, his specific schedule and assigned tour on the day of the incident or whether he engaged in any work-related activities while he was en route to his office, i.e., telephone calls or dictation. Absent such evidence, the Comptroller's finding that petitioner's injury occurred "before [he] was scheduled to begin his tour" cannot stand. Although petitioner admittedly had not entered his place of employment prior to sustaining the disabling injury, that fact, standing alone, does not constitute substantial evidence to support the underlying determination, and counsel's cross-examination of petitioner failed to elicit additional facts from which it could be inferred that petitioner was not in service at the time he was injured. In short, as the record contains insufficient evidence to make a reasoned determination as to the in-service issue, this matter must be remitted to respondents for a further hearing on that limited point.

Peters, Mugglin, Rose and Lahtinen, JJ., concur. Adjudged that the determination is annulled, with costs, and matter remitted to respondent Comptroller for further proceedings not inconsistent with this Court's decision.